**Dr. George J. BETO, Director, Texas Department of Corrections, Appellant,**

v.

**Thomas Baker BARFIELD, Appellee.**

**No. 25165.**

United States Court of Appeals Fifth Circuit.

March 15, 1968.

Thomas F. Keever, Asst. Atty. Gen., Houston, Tex., for appellant.

Thomas Baker Barfield, pro se.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

Thomas Baker Barfield obtained a writ of habeas corpus in the district court on the ground that one of his prior theft convictions, used to enhance the sentence he is presently serving, was invalid because his appointed counsel in that case was not authorized to practice law, having failed to pay his membership dues to the Texas Bar Association.

Barfield, represented by Adrian A. McDaniel, was tried and convicted of theft on February 26, 1953. McDaniel had failed to pay his State Bar dues for the years 1951–1953, but in September 1953 he paid his delinquent dues.

In McKinzie v. Ellis, 5 Cir. 1961, 287 F.2d 549, we overturned a conviction where the defendant had been represented by McDaniel early in 1953. We observed that the law of Texas required that a defendant accused of a capital crime be represented by a "practicing" attorney, and that the Constitution required no less: that appointed counsel "must be authorized to practice in the court where the trial will occur." 287 F.2d at 551. In holding that an attorney delinquent in paying his Bar dues was not a "practicing" attorney, we relied on the Texas case of Martinez v. State, Tex.Cr.App.1958, 318 S.W.2d 66, which held that an attorney who had not paid his Bar dues was "not at the time authorized to practice law in this State, as provided and required by the statutes and the rules of the Supreme Court of Texas." 318 S.W.2d at 71.

Martinez v. State has been overruled by the Texas Court of Criminal Appeals. In Hill v. State, Tex.Cr.App.1965, 393 S.W.2d 901, 904, that court observed:

> The status of a delinquent attorney not being a member of the State Bar of Texas does not place him in the position of being "unlicensed to practice law in this State". *He only has to pay his dues * * * to resume his* status as a "practicing lawyer".

The court considered the State Bar Act retroactive in its application; thus, "when the delinquent attorney-member pays his delinquent dues he then is restored to the status that he occupied prior to becoming delinquent." 393 S.W. 2d at 904. Turning to our *McKinzie* decision, the court said:

> We construe the opinion of the 5th Circuit in McKinzie's case, supra, as being bottomed on our opinion in Mar-

tinez. * * * We do, however, feel that our disavowal of this Court's holding in Martinez's case will cause the various Federal Courts to take a new appraisal of questions of this kind in light of our opinion herein.

Texas courts now consider that lawyers who are delinquent in paying Bar dues are still "practicing attorneys". So shall we. Barfield's theft conviction must therefore stand. The judgment of the district court granting habeas must be reversed.