DANAHY, Judge.
On this appeal from an order of the trial court which modified the conditions of appellant’s probation, we find merit in one of the several points appellant raises. In the order the trial court added four additional conditions of probation including the following:
Special Condition (17) Subject, after release from the Polk County Jail, is to be fully employed for one year as an employee of one of the Agencies within the State of Florida to render services to “less advantaged” individuals which service is to be determined by her Probation Officer.
That requirement is expressly contrary to Section 948.031, Florida Statutes (1977), which provides:
Any person who is convicted of a felony or misdemeanor and who is placed on probation may be required as a condition of probation to perform some type of public service for a tax-supported or tax-exempt entity, with the consent, and under the supervision of such entity. Such public service shall be performed at a time other than during such person's regular hours of employment (Emphasis supplied)
In 1976 the legislature authorized trial judges to require public service as a condition of probation when it prescribed the manner of doing so in the above addition to our probation statute. The authority for *401 other terms and conditions of probation is found in Section 948.03.
It is clear from this record that the trial judge was proceeding under the authority of Section 948.031 when he added the special condition and that he intended appellant to perform some type of community service on a full-time paid basis to, in his words, “render services to persons who are less advantaged than you in the hope that exposure to persons who have not had some of your advantages may cause you to develop a prospective [sic] about yourself and develop a sense of responsibility about yourself personally, develop a sense of sensitivity and empathy.” A worthy goal, indeed. However, the trial judge was without authority to require that appellant’s public service be on a full-time employment basis. We must, therefore, disapprove the condition as imposed.
This is not a case where the probationer is unemployed and is ordered to make a reasonable attempt to find work. Appellant is and has been for two years employed full time as a dental hygienist and has established regular patients. That is not the type of employment which can interfere with or hinder appellant in the adherence to any of the other conditions of her probation.
While we find the condition for full-time public service employment is contrary to the statute, nothing we have said is meant to prevent the trial judge from imposing a condition of public service if he chooses to implement that laudable rehabilitative purpose in the manner permitted by the statute.
We strike the special condition we have discussed and affirm the order modifying appellant’s probation in all other respects.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.