ANSTEAD, Chief Judge,
concurring specially:
I agree that the appellant has failed to establish reversible error and write separately only to comment upon the appellant’s claim that the trial court should have declared a mistrial upon discovering that "'appellant’s lawyer had been suspended from practicing law for the non-payment of dues. In my view this case is distinguishable from Huckelbury v. State, 387 So.2d 400 (Fla. 2d DCA 1976) where the purported attorney involved had never been admitted to the bar. Because no actual prejudice has been demonstrated I would follow the lead of those cases which hold that the failure to pay dues, while a technical defect in the lawyer’s qualifications to practice, does not deprive a defendant of his rights to competent counsel. See Beto v. Barfield, 391 F.2d 275 (5th Cir.) cert. denied 393 U.S. 888, 89 S.Ct. 205, 21 L.Ed.2d 166 (1968). This is especially true here where the problem did not arise until late in the trial.