**UNITED STATES**

v.

**Airman First Class Kevin M. MAHER, United States Air Force.**

**ACM 33941 (f rev).**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 6 Oct. 1999.

Decided 28 Feb. 2001.

Appellate Counsel for Appellant: Colonel James R. Wise, Lieutenant Colonel Timothy W. Murphy, and Captain Patience E. Schermer.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Ronald A. Rodgers, Major Jennifer R. Rider, Major Lance B. Sigmon, and Captain Peter J. Camp.

Before YOUNG, HEAD and ROBERTS, Appellate Military Judges.

**OPINION OF THE COURT UPON FURTHER REVIEW**

HEAD, Judge:

Pursuant to his pleas, the appellant was convicted of wrongful use and distribution of

lysergic acid diethylamide (LSD), wrongful use, possession, and distribution of marijuana, and knowingly receiving stolen property. Articles 112a and 134, UCMJ, 10 U.S.C. §§ 912a, 934. Officer members imposed the sentence. His approved sentence was a dishonorable discharge, confinement for 36 months, forfeiture of all pay and allowances, and reduction to E–1. In the initial Article 66, UCMJ, 10 U.S.C. § 866, review of appellant's case, this court affirmed the findings and sentence. *United States v. Maher*, ACM 33941 (A.F.Ct.Crim.App. 22 May 2000) (unpub.op.).

On 4 October 2000, the United States Court of Appeals for the Armed Forces granted review of the following issue in the appellant's case:

> WHETHER THE MILITARY JUDGE WAS DISQUALIFIED UNDER ARTICLE 26(b), UCMJ, BECAUSE HIS UTAH LICENSE TO PRACTICE LAW WAS IN AN INACTIVE STATUS AT THE TIME OF APPELLANT'S COURT–MARTIAL WHICH CONSTITUTES A JURISDICTIONAL DEFECT IN THE PROCEEDING, VIOLATES AIR FORCE INSTRUCTION 51–103, AND CONTRAVENES AN 8 MAY 1997 TJAG LETTER.

By order dated 4 October 2000, our superior court remanded the appellant's case "for further review in light of the question of the qualifications of the military judge." We have considered this issue per our superior court's direction and find it meritless.

### Background

On 6 October 1999, Military Judge Mark L. Allred presided over the appellant's court-martial. At the time of trial, Judge Allred was a member of the Utah State Bar; however, he was in "inactive status."

The appellant argues that Judge Allred was disqualified from acting in his case for the following reasons: (1) practice as a judge advocate, pursuant to Air Force Instruction (AFI) 51–103, *Designation and Certification of Judge Advocates* (1 Mar 1996) requires judge advocates to have the ability to engage in the active practice of law within the licensing state; (2) since Judge Allred was in an inactive status with his Utah State Bar, he was ineligible to practice law in the state of Utah; and (3) because he could not engage in the active practice of law in Utah, Judge Allred could not be designated a judge advocate and thus could not be designated a military judge.

AFI 51–103, the regulatory guidance for maintaining one's designation as a judge advocate, requires an officer to be qualified to engage in the active practice of law. The appellant asserts that a letter from the Air Force Judge Advocate General (TJAG), Subject: *Inactive Bar Status* (8 May 1997), seeks to explain the requirements of AFI 51–103. The letter indicates that the officer must be entitled to engage in the active and immediate practice of law. Appellant contends that TJAG's addition of the term "immediate" to the AFI 51–103 phrase "active practice of law" prevented Judge Allred from being a judge advocate and military judge because his inactive bar status would not allow him to engage in the active and immediate practice of law in Utah.

### Discussion

The qualifications for appointment as a military judge are provided in Article 26(b), UCMJ, 10 U.S.C. § 826(b):

> A military judge shall be a commissioned officer of the armed forces who is a member of the bar of a Federal court or a member of the bar of the highest court of a State and who is certified to be qualified for duty as a military judge by the Judge Advocate General of the armed force of which such military judge is a member.

*See also* Rule for Courts–Martial (R.C.M.) 502(c).

In order to be certified as a military judge by TJAG, the individual must first be designated a judge advocate by TJAG. Air Force Manual (AFMAN) 51–204, *United States Air Force Judiciary*, ¶ 2.2 (1 Jul 1995). In order to be designated a judge advocate, the officer must: (1) be a graduate of an ABA-approved law school; and (2) be "in good standing" and admitted to practice before a Federal court or the highest court of a state, territory, or the District of Columbia. AFI 51–103, ¶ 1.1. Once designated a judge advocate, the officer must maintain such current compliance with

the licensing requirements, if any, of a Federal court or the highest court of a state, territory, or the District of Columbia which qualify the officer to engage in the active practice of law. *Id.* at ¶ 2.1.

The May 1997 TJAG memorandum to the field points out a potential problem when judge advocates elect inactive bar status. The letter explained that in some states, inactive status did not constitute good standing under the state's admission and disciplinary rules. An inactive status in those states was designed for attorneys who, at least temporarily, were not engaged in the practice of law. The letter advised that in other states inactive status was merely a way to recognize those attorneys who practiced law out of state, such as the military, but who still maintained a good standing with their state bar. The letter pointed out that in the latter case, an inactive status would not cause a problem for judge advocates while the former situation would. The letter stressed that judge advocates had to be members in good standing with their bar and must be entitled to engage in the active and immediate practice of law. Finally, TJAG advised that he intended to modify AFI 51–103 to clarify the rules with regard to inactive status and include language that admission to the United States Court of Appeals for the Armed Forces alone would not satisfy the requirements of AFI 51–103. We note that AFI 51–103 was never amended to include the language contained in the 8 May 1997 TJAG letter.

In Utah, inactive bar status means a lawyer is in good standing with the state bar, but may not practice law in Utah. Utah State Bar By-laws, Art. I, § (c); Affidavit of Mr. Arnold Birrell, Financial/Licensing Administrator, Utah State Bar, ¶ 4. According to Mr. Birrell's affidavit, inactive status members may not practice law in Utah, but if authorized and qualified by another jurisdiction may practice law outside Utah. *Id.* at ¶ 5. An inactive status member of the Utah State Bar who is in good standing and who wishes to change his status to active status (one who is authorized to practice law in Utah) need only notify the Utah State Bar and pay an active status fee. *Id.* at ¶ 7.

Additionally, it is common for judge advocates or other military attorneys who practice law outside Utah to request they be placed on inactive status. *Id.* at ¶ 6. Finally, Utah State court judges are not required to be in active status with the Utah State Bar in order to preside at a Utah State Court. Affidavit of Ms. Katherine A. Fox, General Counsel, Utah State Bar, ¶ 5.

Judge Allred was properly designated a judge advocate by TJAG. Judge Allred was licensed to practice law in Utah and was a member in good standing of the Utah State Bar. Further, the facts show that because of his good standing, he necessarily was in compliance with Utah's licensing requirements and thereby qualified to engage in the active practice of law outside Utah. In this regard, we note that the term "qualified" is defined as "Possessing the necessary qualifications; capable or competent." *Black's Law Dictionary* 1254 (7th ed.1999). Accordingly, Judge Allred's law school training and admission to the Utah State Bar qualified him for the active practice of law in Utah. Additionally, Utah State Bar policies did not prohibit him from practicing law outside Utah, pursuant to his Utah Bar membership, if he was authorized and qualified by another jurisdiction. *Cf. United States v. Steele,* 53 M.J. 274, 276, 278 (2000) (civilian attorney not disqualified by virtue of his inactive status with his state bars). Such authorization was granted by the Air Force pursuant to his Utah Bar membership. Finally, since Judge Allred's inactive status would permit him to preside as a civilian judge over a Utah State Court, it is entirely appropriate for him to perform this function in the Air Force.

The appellant's reliance on the TJAG letter is misplaced. While TJAG's 8 May 1997 letter indicated that an inactive status could result in the voiding of an officer's designation as a judge advocate, this possibility arose only in some states. TJAG specifically differentiated between those states where an inactive status meant the individual, at least temporarily, was not engaged in the practice of law, and thus not in good standing, and other states where an inactive status merely meant the individual practiced law out of state (military), but was still a member in

good standing of his licensing state's bar. In this latter situation, TJAG found no problem with an individual being in an inactive status. It is this latter situation which describes Judge Allred's relationship with the Utah State Bar. He was a member in good standing who practiced law out of state. Further, he was permitted to use his Utah Bar membership to obtain authorization from another jurisdiction to practice law in that jurisdiction. Accordingly, based upon the guidance set forth in TJAG's 8 May 1997 letter, Judge Allred was qualified and properly designated by TJAG to be a judge advocate and military judge.

As previously mentioned, AFI 51–103 was never amended to include the guidance contained in the 8 May 1997 TJAG letter. AFI 51–103 still reads as it did before the TJAG letter. Since that letter was issued, a new TJAG has been appointed and, in May 1999, the new TJAG appointed Judge Allred to his present position. Further, we note that Judge Allred is a member in good standing of not only the Utah State Bar but a Federal bar as well, the United States Court of Appeals for the Armed Forces (CAAF). Affidavit of Captain James C. Fraser, Government Trial and Appellate Counsel Division, Air Force Legal Services Agency. *Cf. United States v. Duncan*, 53 M.J. 494, 497 (2000) ("federal courts, both military and civilian"); *Steele*, 53 M.J. at 277 ("decisions of our Court and other federal courts"); *United States v. Brown*, 50 M.J. 262, 266 (1999) ("the general rule in other federal courts of appeal").

Turning to the language in the 8 May 1997 TJAG letter pertaining to the issue of admission to CAAF, it appears TJAG was trying to avoid a situation where a judge advocate, who was no longer in good standing with his licensing state, would attempt to keep his judge advocate designation by relying solely on his admission to CAAF. However, this was not the situation with Judge Allred so that part of the TJAG letter had no effect on him.

We find no support for the argument that the new TJAG is bound by his predecessor's policy letter or that violation of this policy has "jurisdictional significance." *United States v. Kohut*, 44 M.J. 245, 249 (1996).

Even assuming the 8 May 1997 letter was binding policy, it may be asserted by an accused "only if it was prescribed to protect the accused's rights." *Id.* at 250 (quoting *United States v. Sloan*, 35 M.J. 4, 9 (C.M.A. 1992)). From the tenor of the TJAG's letter, one can conclude its purpose was to protect the quality and integrity of the TJAG Department and not the rights of an accused.

### Conclusion

We hold that Judge Allred was a member in good standing of the bars of the state of Utah and the United States Court of Appeals for the Armed Forces. As such, he was qualified to be a judge advocate and a military judge.

The referred question is answered in the negative, and the decision of this court, dated 22 May 2000, affirming the findings and sentence, remains in effect. *United States v. Ginn*, 47 M.J. 236, 238 n. 2 (1997).