*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before

DEERWESTER, MYERS, and HACKEL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Aaren D. PAINTER**
Aviation Electrician's Mate First Class (E-6), U.S. Navy
*Appellant*

**No. 202200098**

_____

Decided: 28 September 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Andrea K. Lockhart (trial)
Hayes C. Larsen (post-trial matters and entry of judgment)

Sentence adjudged 28 February 2022 by a special court-martial convened at Naval Base San Diego, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-3, confinement for eight months, and a bad-conduct discharge.[1]

_____

[1] The convening authority granted Appellant's post-trial request and approved reduction only to E-5. The convening authority took no other action on the remaining sentence.

For Appellant:
*Captain Kimberly D. Hinson, JAGC, USN*

For Appellee:
*Lieutenant R. Blake Royall, JAGC, USN*

Senior Judge DEERWESTER delivered the opinion of the Court, in which Judge MYERS and Judge HACKEL joined.

———————————————

**PUBLISHED OPINION OF THE COURT**

———————————————

DEERWESTER, Senior Judge:

Appellant was convicted, consistent with his pleas, of one specification of indecent recording in violation of Article 120c, Uniform Code of Military Justice [UCMJ], for photographing the genitalia of unknown individuals without their consent while onboard USS ESSEX (LHD 2).[2]

Appellant asserts two assignments of error (AOEs): (1) did Appellant's court-martial lack jurisdiction because the military judge was suspended from the practice of law by the State of California; and (2) was Appellant's court-martial tainted by actual unlawful command influence caused by judges in the Navy-Marine Corps Trial Judiciary who failed to transparently disclose or address the fact that the military judge presided over Appellant's court-martial while she was suspended from the practice of law.[3] We find merit in Appellant's first AOE and take action in our decretal paragraph.

## I. BACKGROUND

On 28 February 2022, a military judge presided over Appellant's guilty plea proceedings at his special court-martial, which consisted of a military judge sitting alone. However, the military judge later revealed that between 1 July

———

[2] 10 U.S.C. § 920c.

[3] We have considered this assignment of error and found it to be without merit. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987).

2021 and 10 March 2022, she had been administratively suspended from the practice of law by her licensing agency, the State Bar of California.

In an email dated 30 March 2022, the military judge informed the parties in several cases, including Appellant's, that on 10 March 2022 she discovered that she had failed to pay California bar dues in 2021, resulting in her administrative suspension from the State Bar of California effective 1 July 2021. Prior to being administratively suspended, the military judge had maintained an "inactive" status with the California bar. On 1 July 2021, her license status, as indicated by the State Bar of California website, changed from "Inactive" to "Not eligible to practice law in CA."[4]

The military judge informed counsel that when she "first learned of this on 10 March 2022," she immediately paid all relevant fees, was restored to inactive status, and then reported the situation to the Chief Trial Judge and awaited additional guidance.[5] On 5 April 2022, the Chief Judge of the Navy-Marine Corps Trial Judiciary detailed a new military judge to Appellant's case to complete the Entry of Judgment [EOJ] and any additional post-trial matters, stating that the original military judge was not reasonably available to complete Appellant's court-martial.

## II. DISCUSSION

### A. Standard of Review and the Law

This Court reviews questions of jurisdictional defects *de novo*.[6]

The Supreme Court has held that a "court-martial is the creature of statute, and, as a body or tribunal, it must be convened and constituted *in entire conformity with the provisions of the statute*, or else it is without jurisdiction."[7]

---

[4] Appellant's Mot. to Attach, App'x B.

[5] *Id.*

[6] *United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005) (citing *United States v. Melanson*, 53 M.J. 1, 2 (C.A.A.F. 2000)).

[7] *United States v. Singleton*, 21 C.M.A. 432, 434 (C.M.A. 1972) (quoting *McClaughry v. Demming,* 186 U.S. 49, 62 (1902) (emphasis added); *see also Runkle v. United States*, 122 U.S. 543, 556 (1887) ("To give effect to [court-martial] sentences it must appear affirmatively and unequivocally that the court was legally constituted; that it had jurisdiction; that all the statutory regulations governing its proceedings had been complied with, and that its sentence was conformable to law.").

Congress has prescribed the statutory requirements for the composition of special and general courts-martial in Articles 22 through 29, UCMJ.[8] Article 26(a), UCMJ, prescribes the requirement that a "military judge *shall* be detailed to each general and special court-martial."[9] Article 26(b), UCMJ, in turn defines the requirements an officer must meet in order to be a military judge within the meaning of the Code. It states that a military judge "*shall* be" (1) a commissioned officer of the armed forces; (2) a "member of the bar of a Federal court or a member of the bar of the highest court of a State;" and (3) "certified to be qualified, by reason of education, training, experience, and judicial temperament, for duty as a military judge by the Judge Advocate General of the armed force of which such military judge is a member."[10] Rule for Courts-Martial [R.C.M.] 502(c)(1) echoes these requirements. The meaning of a statute is a question of law that we review de novo.[11]

In Judge Advocate General Instruction [JAGINST] 5803.2B, the Judge Advocate General of the Navy [TJAG] has required all "covered attorneys" (including all active duty and Reserve Navy and Marine Corps judge advocates practicing under TJAG's cognizance) to "have a current license to practice law" and be in "good standing" with their licensing authority.[12] Failure to provide proof of "good standing" may result in professional disciplinary action, loss or suspension of certification under Article 26 and/or Article 27(b), UCMJ, adverse entries in military service records, and administrative separation.[13]

JAGINST 5803.2B provides a multi-part scheme which defines the meaning of "good standing" with regard to a covered attorney's relationship with her licensing authority. First, TJAG will rely on "the licensing authority granting

---

[8] Articles 22-29, UCMJ 10 U.S.C. §§ 822-829.

[9] Article 26(a), UCMJ (emphasis added).

[10] *See* Article 26(b), UCMJ (emphasis added). We note too that, although not a congressional statute, the President has also provided guidance related to the jurisdiction of courts-martial though the Rules for Court Martial [R.C.M]. R.C.M. 201(b) sets out the "[r]equisites of court-martial jurisdiction." The rule states that a "court-martial must be composed in accordance with these rules with respect to number and qualifications of its personnel. As used here, 'personnel' includes only the military judge, the members, and the summary court-martial."

[11] *United States v. Falk*, 50 M.J. 385, 390 (C.A.A.F. 1999).

[12] JAGINST 5803.2B, para. 4, 5.

[13] *Id*. at para. 5(c).

the certification or privilege to practice law to define the phrase 'good standing.'"[14] The instruction also establishes that TJAG may use separate criteria to determine compliance "as circumstances require."[15] The instruction does not provide examples of the circumstances which may necessitate using separate criteria from the licensing authority. It does, however, define a minimum requirement for the meaning of "good standing" within the Judge Advocate General's Corps (JAGC):

> At a minimum, "good standing" means the covered attorney: (1) is subject to the jurisdiction's disciplinary review process; (2) has not been suspended or disbarred from the practice of law within the jurisdiction; (3) is current on the payment of all required fees; (4) has met applicable continuing legal education requirements which the jurisdiction has imposed (or the cognizant authority has waived); and (5) has met any other requirements the cognizant authority set for eligibility to practice law.[16]

Finally, the instruction provides that so long as these conditions are met, an attorney may carry an "inactive" bar status and still be "in good standing," for the purposes of the instruction.[17] The manner in which a licensing authority regulates the members of its bar and defines "inactive" status within its own jurisdiction, has been previously identified and discussed as a potential source of confusion for military practitioners.[18]

Navy judge advocates may avail themselves of an "inactive" bar status, so long as they remain in "good standing" by meeting the five minimum criteria promulgated in JAGINST 5803.2B. That is to say that so long as the licensing jurisdiction does not use an "inactive" status to describe a deficiency in or non-compliance with one of the five good standing factors from JAGINST 5803.2B, such status does not create a problem with an officer's designation as a judge advocate or military judge under Articles 26 and 27, UCMJ.

---

[14] *Id.* at para. 4(b).

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *See United States v. Herndon*, No. ARMY 9800600, 2001 CCA LEXIS 495 (A. Ct. Crim. App. Mar. 14, 2001)

**B. The Military Judge's Bar Status**

California differentiates between practitioners in an "inactive" status from those who are "[n]ot eligible to practice law in CA."[19] Rule 2.33(A) of the State Bar of California states :

> A licensee who fails to pay annual license fees or any outstanding penalties or costs will be sent a final delinquency notice at the licensee's address of record. If the State Bar fails to receive full payment of the amount due within two months of sending the final delinquency notice, the State Bar will recommend that the Supreme Court suspend the licensee from the practice of law.[20]

Before 1 July 2021, the military judge was a properly designated judge advocate and military judge who was in good standing of the California bar. However, beginning on 1 July 2021, her failure to pay her bar fees resulted in her administrative suspension and she became ineligible to practice law in California.[21] At that time, she no longer met the requirements under Article 26 and R.C.M. 502 to serve as a military judge in court-martial cases.

Under Article 26(b), UCMJ, Appellant had a statutory right to have a military judge detailed to his court-martial that was "a member of the bar of a Federal court or a member of the bar of the highest court of a State…."[22] We interpret Congress's requirement in Article 26(b), UCMJ, that a military judge "be a member of a bar" to mean that the detailed military judge shall be a member of a bar *in good standing*.[23] We do not think that Congress intended to authorize the Judge Advocates General of the armed forces to certify as military judges any attorneys who, in the judgment of their licensing authority, were unfit to practice law in their jurisdiction. Of course, the Judge Advocates General of the armed forces still must separately certify that a military judge is "certified to be qualified by reason of education, training, experience, and

---

[19] Appellant's Mot. to Attach, App'x B.

[20] Appellant's Mot. to Attach, App'x C.

[21] We note that the California Bar recognizes attorneys may be suspended from the practice of law for two reasons: discipline and administrative action. Here the military judge's failure to pay her licensing fees led to her administrative suspension.

[22] Article 26(b), UCMJ; 10 U.S.C. § 826(b).

[23] *Id.*

judicial temperament, for duty as a military judge."[24] We view the TJAG certification requirement, usually promulgated by service regulations,[25] as an additional requirement over the floor set by Congress requiring a military judge to be (1) a commissioned officer (2) in good standing with a Federal court bar or the bar of the highest court of a State.[26]

The strictures promulgated by JAGINST 5803.2B also gives us confidence in our decision. While military courts are unable to attach jurisdictional significance to service regulations absent express congressional characterization, JAGINST 5803.2B clearly harmonizes with the requirements of Congress.[27] The instruction defines five minimum criteria required in order for "covered attorneys," including military judges, practicing under the cognizance of TJAG to be "in good standing" for the purposes of Navy regulations. It is without question that at the time of Appellant's court-martial, the military judge detailed to his trial *had* "been suspended … from the practice of law within the jurisdiction," and *was not* "current on the payment of all required fees."[28] It is clear that by letting her bar license lapse, the military judge in Appellant's case did not meet the criteria to be certified as a military judge as promulgated by JAGINST 5803.2B.

Before this Court, Appellee argues that the military judge's bar admission status before The Supreme Court of the United States provides safe harbor for the military judge's detailing and the court-martial's jurisdiction over Appellant.[29] While it is true that Article 26(b), UCMJ, explicitly states that a military judge shall be "a member of the bar of a Federal court *or* a member of the bar of the highest court of a State,"[30] Supreme Court Rule 8.1. clearly states that whenever a member of the Bar of the Supreme Court of the United States has been "suspended from practice in any court of record," as the military judge in Appellant's case had been, "the Court will enter an order suspending that

---

[24] *Id.*

[25] *See, e.g.,* JAGINST 5803.2B.

[26] Our interpretation of Article 26(b), UCMJ, conforms with the principle that "a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009).

[27] *United States v. Kohut*, 44 M.J. 245, 249 (1996).

[28] JAGINST 5803.2B, para. 5(c).

[29] Appellee's Br. at 7-9.

[30] Article 26(b), UCMJ (emphasis added).

member from practice before [the Supreme Court] and affording the member an opportunity to show cause, within 40 days, why a disbarment order should not be entered."[31] Appellee argues that because the Supreme Court did not suspend the military judge from practice before the Supreme Court, the military judge was properly detailed to Appellant's court-martial.[32] We disagree.

The Supreme Court of the United States, according to its own rules, "*will*" suspend a practitioner "*whenever*" a member of the bar is suspended in a court of record.[33] Had the Supreme Court of the United States been alerted that the military judge had been suspended from the practice of law in California, she would have been suspended from practice before the Supreme Court and afforded an opportunity to show cause to be reinstated. Such a status could hardly be considered "good standing" with the bar of the Supreme Court. While it is inescapable that the military judge was not in fact suspended by the Supreme Court at the time of Appellant's court-martial, it is equally inescapable that, according to the rules of the Court as we read them, she would have been suspended had the Supreme Court been aware of her bar status in California.

While we have no evidence that the military judge intentionally did so, we recognize the possibility for practitioners to conceal their bar status from the bars of federal courts who infrequently, if at all, audit the members of their own bars. We cannot conclude, based on a rational reading of the statute, that Congress intended to authorize military judges to preside over courts-martial who, if all facts were known to their licensing authority bars, would have been suspended from the practice of law.

Finally, we do not view our ruling to be incongruous with the Army Court of Criminal Appeals' [ACCA] decision in *United States v. Herndon*.[34] There, the ACCA examined whether a military judge's inactive bar status created a jurisdictional defect in the appellant's court-martial. The ACCA found that the military judge's inactive status did not equate to not being a member of the state bar, and "[m]ore importantly, the [military judge had] long been a member in good standing of the bar of [the ACCA]."[35] We find critical differences between the facts of *Herndon* and this case. As an initial matter, the military judge in Appellant's case would have, had the Supreme Court been aware of

---

[31] Sup. Ct. R. 8.1.

[32] Appellee's Br. at 8.

[33] Sup. Ct. R. 8.1 (emphasis added)

[34] *Herndon*, 2001 CCA LEXIS 495, at *2.

[35] *Id*.

the circumstances, been automatically suspended from the practice of law before the federal court bar, as well as the state bar, of which she was a member. More importantly, the military judge in *Herndon* was in an inactive status. As discussed, *infra*, suspension is a significant sanction, unlike inactive status, which is voluntary. Practitioners may be inactive, yet still in good standing, with a bar. In stark contrast, one cannot be in good standing with a bar, as we read Article 26(b), UCMJ, to require, while administratively suspended from the practice of law.

Nor is Appellant's case inconsistent with the Air Force Court of Criminal Appeals' holding in *Maher*.[36] There, the Air Force Court of Criminal Appeals examined whether a military judge was disqualified from acting in the appellant's case due to his inactive status with his state bar.[37] There, the court examined Air Force regulatory policy which required, as does our view of Article 26(b), UCMJ, that an Air Force military judge be "in good standing" and admitted to practice law by a Federal court or the highest court of a State.[38] The main issue before the court was the effect of a memorandum from the Judge Advocate General of the Air Force which discussed that, in some states, the "inactive" status label was not synonymous with "good standing."[39] The court determined that the military judge in the appellant's case was "inactive" in the Utah State bar; however, no jurisdictional issue existed where Utah's "inactive" status simply meant that attorneys in that status were in good standing and were authorized to practice law in other jurisdictions, including the military.[40]

Our decision here does nothing to disturb the existing landscape of judge advocates who properly practice under the cognizance of Article 26, UCMJ, in good standing with an inactive bar status.[41] As our superior court has recognized, there is a key difference between those practitioners who are *suspended from the practice of law* and those who are merely in an inactive status. In

---

[36] *United States v. Maher,* 54 M.J. 776 (A.F.Ct.Crim.App. 2001).

[37] *Maher*, 54 M.J. at 777-78.

[38] *Id*. at 778.

[39] *Id*.

[40] *Id*. at 778-79.

[41] *See, e.g., id*. at 778 (recognizing even two decades ago that in several states "inactive status was merely a way to recognize those attorneys who practiced law out of state, such as the military, but who still maintained a good standing with their state bar").

*United States v. Steele*, the Court of Appeals for the Armed Forces [C.A.A.F.] upheld the conviction of an appellant who had been represented by a civilian defense counsel [CDC] who, at the time of the court-martial, was in an inactive status in each of the three jurisdictions where he was a member of a bar.[42] There, C.A.A.F. wrote, "[c]ontrary to appellant's assertions in his brief, there is no evidence that [CDC] was *suspended* in any of the states in which he held bar membership. Rather, [CDC] *merely* assumed an *inactive* status in each of those jurisdictions…."[43]

Accordingly, we find that the military judge was improperly detailed because she was not authorized to practice law at the time of her assignment.

## C. Jurisdictional Defect

Appellant argues that an improperly detailed military judge creates a jurisdictional defect. We agree. The Supreme Court has stated, and our superior court has recognized, that courts-martial must be convened in *strict compliance* with the statutory scheme promulgated by Congress.[44] Because the military judge had been suspended from the practice of law, she was not eligible to be appointed to Appellant's court-martial.[45] Her appointment was in violation

---

[42] *United States v. Steele*, 53 M.J. 274, 275 (C.A.A.F. 2000).

[43] *Id*. at 277. (emphasis added).

[44] *See United States v. Henderson*, 59 M.J. 350, 354 (C.A.A.F. 2004) (finding no jurisdiction where a special court-martial convening authority exceeded his statutory authority by referring a capital offense to a special court-martial without authorization); *United States v. Bancroft*, 11 C.M.R. 3, 8 (C.M.A. 1953) ("In approaching a consideration of the jurisdiction of the special court-martial over this particular offense, a few of the fundamental rules governing courts-martial should be mentioned. It has long been settled that they are of limited jurisdiction. No presumption in favor of their exercise of jurisdiction is permissible. To give effect to their findings and sentence it must be made to appear affirmatively that the court was legally constituted and that it had jurisdiction of the offense."); *Singleton*, 21 C.M.A. 432, 434 (C.M.A. 1972) (quoting *Demming*, 186 U.S. at 62); *see also Runkle*, 122 U.S. at 556.

[45] In our review of Appellant's claim, we considered similar cases from civilian federal courts addressing the bar status of civilian judges. Several federal district courts have resolved these issues based on the "de facto officer" doctrine. *See e.g.*, *Glass v. City of Glencoe*, 2017 U.S. Dist. LEXIS 60281, at \*32 (N.D. Ala. Apr. 20, 2017). The doctrine confers "validity upon acts performed by a person acting under the color of official title even though it is later discovered that" the judge's actual authority "suffers from a procedural defect or a technical defect of statutory authority." *Id*.; *see also Nguyen v. United States*, 539 U.S. 69, 77 (2003). After consideration, it is clear to us that the statutory scheme controlling the creation of courts-martial renders the de facto

of Congress's statutory framework for the constitution of courts-martial and the case accordingly lacked jurisdiction.[46]

## D. Remedy

"[W]hen a criminal action is tried before a court which does not have jurisdiction, the entire proceedings are a nullity."[47] "Jurisdiction over the person, as well as jurisdiction over the subject matter, may not be the subject of waiver."[48] "A jurisdictional defect goes to the underlying authority of a court to hear a case. Thus, a jurisdictional error impacts the validity of the entire trial and mandates reversal."[49]

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that, due to the jurisdictional defect arising from the military judge being suspended from the practice of law by her licensing authority, the findings and sentence are void and cannot be approved.[50]

The findings and sentence are **SET ASIDE.** A rehearing is authorized.

---

officer doctrine's presumption in favor of jurisdiction inapplicable to Appellant's case. *See Bancroft*, 11 C.M.R. at 8.

[46] *United States v. Newcomb*, 5 M.J. 4, 7 (C.M.A. 1978) (finding that a court-martial lacked jurisdiction over appellant where a convening authority, under a prior version of the code, violated the statutory framework by improperly delegating the authority to appoint a military judge); *see also United States v. Hutto*, 29 M.J. 917, 919 (A.C.M.R. 1989) ("*Proper appointment of the military judge is a jurisdictional prerequisite to the proper composition of a court-martial* and it was once essential that the proper detailing of the military judge appear affirmatively of record.") (emphasis added) (citation omitted).

[47] *Bancroft*, 11 C.M.R. at 11.

[48] *Alexander*, 61 M.J. at 269 (quoting *United States v. Garcia*, 5 C.M.A. 88, 94 (C.M.R. 1954)).

[49] *Id.* (citing *United States v. Perkinson*, 16 M.J. 400, 402 (C.MA. 1983)).

[50] Articles 59 & 66, UCMJ.

FOR THE COURT:



MARK K. JAMISON
Clerk of Court