Chief Judge CRAWFORD
delivered the opinion of the Court.
Contrary to his pleas, appellant was convicted of possession of marijuana with intent to distribute and importation of marijuana into the customs territory of the United States, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 USC § 912a. A panel of officer and enlisted members, sitting as a general court-martial, sentenced him to a dishonorable discharge, confinement for six years, forfeiture of $437.00 pay per month for six years, and reduction to the grade of E-l. The convening authority approved the sentence as adjudged and gave appellant 92 days of confinement credit.
Before the Army Court of Criminal Appeals, appellant contended that the record of trial did not show that he made a personal selection for enlisted personnel to sit on the court, as required by Article 25(c)(1), UCMJ, 10 USC § 825(c)(1).* The Court of Criminal *120 Appeals ordered a limited hearing pursuant to United States v. DuBay, 17 USCMA 147, 37 CMR 411 (1967), to find facts pertinent to appellant’s election of a forum at his court-martial. Following this hearing, the Court of Criminal Appeals affirmed the findings of guilty and sentence in an unpublished opinion.
We granted review of the following issue:
WHETHER THE RECORD OF TRIAL FAILS TO SHOW THAT APPELLANT MADE A PERSONAL ELECTION OF FORUM IN THIS CASE, THUS CREATING A JURISDICTIONAL ERROR REQUIRING REVERSAL.
We hold that the military judge erred by not obtaining on the record appellant’s personal request for enlisted members, but that there was substantial compliance with Article 25. We further hold that the error was not jurisdictional, and under the circumstances, it did not materially prejudice the substantial rights of appellant. Art. 59(a), UCMJ, 10 USC § 859(a).
FACTS
Appellant’s trial was held on October 3 and November 4-7, 1996, and a DuBay hearing was held on April 26-27,1999.
During his arraignment hearing on October 3, 1996, appellant, a 47-year-old soldier with 14 years of education, a GT score of 125, and more than 20 years of service, acknowledged that he understood, inter alia, that at his request, at least one-third of the members of his general court-martial could be enlisted persons, and all would be senior to him. When asked if he was prepared to notify the court of his forum selection, appellant’s civilian defense counsel informed the judge that they were not so prepared. The hearing session concluded with the setting of a trial date. Civilian defense counsel clearly informed the military judge that “there is going to be a panel.” The military judge set a deadline of October 21, 1996, for appellant to make his forum selection. On October 21, the military judge received the following fax from the military defense counsel:
COURTS-MARTIAL IN THE MATTER OF
SFC DANIEL MORGAN UNITED STATES V.
NOTICE OF PLEA AND OF FORUM
21 Oct 1996
The defense hereby gives notice of the following in accordance with the Military Judge’s instructions:
a. The defense will enter a plea of not guilty to all charges and specifications in the ease of U.S. v. Morgan.
b. The defense will request trial before a court-martial panel consisting of at least one third enlisted members.
The defense will promptly notify should these choices change prior to trial.
AMY L. ROOSE
CPT, JA
Defense Counsel
*121 When appellant’s court-martial reconvened on November 4, and after the disposition of several motions, the court-martial members entered the courtroom. Each was introduced by name and rank. Appellant and his counsel had copies of the convening orders detailing enlisted members to the court. At no time from November 4 through November 7—voir dire through sentencing—did appellant ever object to the presence of enlisted members.
At the DuBay hearing conducted on April 26-27,1999, appellant remembered being advised of his counsel rights and telling the military judge that he wanted his detailed military counsel, Captain Roose, and civilian counsel, Mr. James L. Willson, to represent him. He also remembered being advised of various rights he had as to a forum and reaffirmed that he' understood those rights included the right to trial by enlisted members. He knew that if he elected enlisted members, at least one-third of the panel would be enlisted members, and they could not come from his company or battery. He remembered the military judge giving the members preliminary instructions, and seeing the grade/rank of each court member who was selected to judge his guilt or innocence.
Appellant affirmed that he understood it was his choice, not his attorney’s choice, as to which forum (military judge alone; all officer members; or officers and at least one-third enlisted) would try him.
When appellant was asked by the military judge whether he remembered talking to his trial defense counsel about the forum selection, defense counsel representing appellant at the DuBay hearing interposed his first of several objections to the judge’s invasion of the attorney/client privilege. Later in the hearing, the military judge asked appellant whether, after seeing the court members present, he at any time told his counsel, “Hey, I don’t want this jury.” Again, defense counsel advised appellant not to answer the question on the basis of attorney/client privilege. After repeated questioning by the military judge concerning what advice appellant understood and what elections he had made, defense counsel for the DuBay hearing summed up his position as follows:
[T]he record clearly indicates that the panel is just brought in. So the accused was never asked by the court a month later, on the date when his trial began and the impaneling process was undertaken, what the choices were at that point in time.
Ms. Amy L. Roose, formerly Captain Roose and appellant’s defense counsel at trial, was called as a witness. After unsuccessfully raising the attorney/client privilege and asking for a recess to contact her state bar, the military judge ordered her to testify. Ms. Roose then confirmed that the fax she sent to the military judge on October 21 “reflect[ed] what [her] client’s wishes were,” i.e., “the client was advised and ... he chose to go with the enlisted panel.” Finally, Ms. Roose testified that if appellant had changed his mind about requesting a one-third enlisted forum subsequent to her October 21 fax, she would have so advised the court. However, that did not happen.
Mr. Willson, civilian counsel at the original trial, was also called as a witness. Mr. Will-son agreed that while counsel recommend an appropriate forum, it is ultimately the client’s choice and decision. He remembered questioning the members and exercising challenges. After a defense objection and discussion of Mr. Willson’s ethical responsibilities under the Oklahoma Bar Association’s Rules of Professional Responsibility, particularly Rule 1.6, Mr. Willson agreed with the military judge’s proposition that his (Willson’s) trial tactics would be in accordance with the client’s wishes in those areas where the client had the ultimate decision. Furthermore, he agreed that if his client wanted a forum other than that forum which appeared at trial, Mr. Willson would challenge it. Finally, he acknowledged that the October 21 fax, although it did not bear his signature, reflected appellant’s selection of a forum consisting of enlisted members, and that he neither challenged the array or any individual enlisted member for cause.
The military judge at the DuBay hearing ordered by the court below found that appellant made an informed, personal choice of forum in this case. He made the following pertinent findings of fact:
*122 Three, at the Article 39(a) session, the military judge advised Sergeant First Class Morgan of his forum choices. He was advised that he could be tried by a panel comprised of officers, or at his choice, a panel composed of officers and enlisted members; or at his request, by a judge alone. He was also advised how each forum would work;
Four, Sergeant First Class Morgan understood his forum choices;
Five, the court granted the defense request to defer forum notification, but directed that the defense notify the court of Sergeant First Class Morgan’s choice of forum not later than the close of business on the 21st of October 1996;
Six, Captain Roose of the defense provided written notice to the court that Sergeant First Class Morgan would request to be tried before a court-martial consisting of a panel comprised of at least one-third enlisted members;
Seven, prior to providing this notice to the court, Captain Roose discussed forum choices with Sergeant First Class Morgan, and Sergeant First Class Morgan personally chose to be tried by a court consisting of at least one-third enlisted members.
The court below, 56 MJ 222, relying on the facts derived from the DuBay hearing, concluded that there had been substantial compliance with Article 25, supra. It said:
As in Townes, the military judge in this case failed to obtain on the record the appellant’s personal election of trial with enlisted members. Four officers and five noncommissioned officers were empaneled in the presence of the appellant to hear the case. After one officer was excused, the remaining three officers and five enlisted members heard this fully contested case, including the appellant’s testimony. At no time during the trial did the appellant object to trial with enlisted members. Moreover, the appellant did not object to the composition of his court-martial in either his post-trial submissions or his initial appellate pleadings. There was no allegation that the appellant lacked the competence to make a knowing and intelligent election or that he was coerced.
Unpub. op. at 6. We agree.
DISCUSSION
Prior to 1983, Article 16(1)(B), UCMJ, 10 USC § 816(1)(B), provided that requests for a trial judge alone be made “in writing.” Likewise, Article 25(e)(1), supra, provided that a request for an enlisted panel be made personally “in writing.”
In United States v. Dean, 20 USCMA 212, 43 CMR 52 (1970), the Court held that a request for trial by judge alone which was not made in writing was a jurisdictional defect. In response, Congress amended Article 16 to provide that a request for trial by judge alone may be made either “in writing” or, for the first time, orally on the record. Military Justice Act of 1983, Pub.L. No. 98-209, § 3(a), 97 Stat. 1393, 1394. No change was made to the requirement in Article 25(c)(1) that the accused’s personally request in writing that enlisted members be appointed to the court-martial. Since that change was not made, this Court held in United States v. Brandt, 20 MJ 74 (CMA 1985), that the failure to personally request in writing a trial by a panel composed of enlisted members created a jurisdictional defect. However, in 1986, Congress amended Article 25 to parallel the change it made earlier to Article 16— a request that at least one-third of the panel be composed of enlisted members may be made “personally ... orally on the record or in writing____” National Defense Authorization Act for Fiscal Year 1987, Pub.L. No. 99-661, § 803(a), 100 Stat. 3816, 3906.
As in United States v. Townes, 52 MJ 275 (2000), and United States v. Turner, 47 MJ 348 (1997), the record establishes that the selection of an enlisted forum was appellant’s choice. There were many opportunities to voice an objection to having enlisted members on the panel, and none was made. The failure to get appellant’s request on the record was a procedural error, not a jurisdictional defect. See United States v. Mayfield, 45 MJ 176, 178 (1996).
The decision of the United States Army Court of Criminal Appeals is affirmed.

 Article 25(c)(1) states that enlisted members may serve on a court-martial "only if, before the conclusion of a session called by the military judge under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of such a session, before the court is assembled for the trial of the *120 accused, the accused personally has requested orally on the record or in writing that enlisted members serve on it.”