United States, Appellee

v.

Jonathan L. ALEXANDER, Specialist
U.S. Army, Appellant

No. 04-0677

Crim. App. No. 20000627

United States Court of Appeals for the Armed Forces

Argued March 8, 2005

Decided August 4, 2005

BAKER, J., delivered the opinion of the Court, in which CRAWFORD
and ERDMANN, JJ., joined. EFFRON, J., filed a dissenting
opinion, in which GIERKE, C.J., joined. GIERKE, C.J., also filed
a separate dissenting opinion.

Counsel

For Appellant: Captain Danyele M. Jordan (argued); Lieutenant
Colonel Mark Tellitocci and Major Allyson G. Lambert (on
brief).

For Appellee: Captain Edward E. Wiggers (argued); Colonel Steven
T. Salata, Lieutenant Colonel Mark L. Johnson, and Major
Natalie A. Kolb (on brief).


Military Judge: Kenneth H. Clevenger


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge BAKER delivered the decision of the Court.

A court-martial panel composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of rape and one specification of carnal knowledge as an aider and abettor in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2000). He was sentenced to a dishonorable discharge, five years of confinement, forfeiture of all pay and allowances, and reduction to grade E-1. The convening authority approved the sentence as adjudged, except for the forfeitures, and the United States Army Court of Criminal Appeals affirmed.

We granted review of the following issue:

WHETHER THE RECORD OF TRIAL FAILS TO SHOW THAT
APPELLANT MADE A PERSONAL ELECTION OF FORUM, THUS
CREATING A JURISDICTIONAL ERROR REQUIRING REVERSAL.

For the reasons articulated below, we affirm.

BACKGROUND

During Appellant's arraignment, the military judge advised Appellant of his forum rights, and Appellant indicated that he understood these rights. Appellant was asked specifically if he understood the difference between a trial before a military judge and a trial before members, and he indicated that he did. The military judge informed Appellant that he had the right to be tried by "a court composed of commissioned and/or warrant

2

officers," but that upon request, he could alternatively be "tried by a court composed of at least one-third enlisted soldiers."

The military judge also asked the Appellant to confirm his desire to defer forum election until a later date and Appellant, via his civilian defense counsel, reiterated his desire to defer forum election. The military judge then granted this deferral, and informed the Appellant that he would set a due date for final choice of forum at some time in the future. The record of trial is silent as to whether the military judge ever set a due date. [1]

---

[1] The following exchange occurred between Appellant and the military judge:

> [Military Judge (MJ)]: Now, Specialist Alexander, you've got a right to be tried by a court consisting of at least five court members -- that is, a court composed of commissioned and/or warrant officers. Also, should you request it, you would be tried by a court composed of at least one-third enlisted soldiers, but none of these enlisted soldiers would come from your same company-sized unit; in your case, that would be Delta Troop, 6th Squadron of the 6th Cav[alry]. You're further advised that no enlisted soldier on that court-martial panel would be junior in rank than you. Do you understand everything that I have just explained to you?
>
> [Accused (ACC)]: Yes, sir.
>
> MJ: Now, if you're tried by a court with members, then the members would vote by secret, written ballot, and two-thirds of the members would have to agree before you could be found guilty of any of these offenses. And should you be found guilty of any of these offenses, then two-thirds of the members would also have to vote by secret, written ballot on a sentence; and that sentence, if it included a period of confinement in excess of 10 years, would have to be by a three-quarters' vote, or three-fourths of the members would have to agree. Do you understand that?
>
> ACC: Yes, sir.
>
> MJ: Now, you also have a right to request a trial by military judge alone and, if approved, there would be no court members, and the

3

At a subsequent session pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), the military judge stated in the presence of Appellant and his counsel, "On Monday, I intend to impanel -- I believe I was told -- an enlisted panel in this case, and we're going to go forward with trial." The military judge and the parties discussed various housekeeping matters relating to the court-martial proceedings. They also discussed the instructions that would be read to the panel as well as which members were going to be empaneled.

At the next Article 39(a) session, the military judge and counsel discussed the charges and specifications, and then shifted to matters involving the panel members. The military judge and both parties discussed instructions, the convening order, the expected number of members, and the voir dire of the members. The members were eventually called in and seated, and

---

judge alone would determine whether or not you are guilty. And, should you be found guilty of any offense, then the judge alone would determine an appropriate sentence in your case. So do you understand the difference between trial before a court with members and trial before a court by military judge alone?

ACC: Yes, sir.

MJ: Very well. Defense, I was told at [a Rule for Courts-Martial] 802 session earlier that you intended to defer your election in that regard. Is that still your desire?

[Civilian Defense Council (CDC)]: Yes, Your Honor.

MJ: Very well. I will set a due date for final choice of forum to be entered by the defense at some subsequent time, but at this point I will grant the requested deferral.

voir dire was conducted.  Later that same day, the court-martial proceeded with the empaneled members.  The record of trial does not reflect that a forum choice was ever expressly made on the record or in writing by Appellant or his counsel.  Nor does the record reflect objection to the forum at which Appellant was ultimately tried.  Appellant did not raise this issue before the court below.

## DISCUSSION

Article 25(c)(1), UCMJ, provides:

> Any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on general and special courts-martial for the trial of any enlisted member of an armed force who may lawfully be brought before such courts for trial, but he shall serve as a member of a court only if, before the conclusion of a session called by the military judge under section 839(a) of this title (article 39(a)) prior to trial or, in the absence of such a session, before the court is assembled for the trial of the accused, the accused personally has requested orally on the record or in writing that enlisted members serve on it.

10 U.S.C. § 825(c)(1) (2000).

Rule for Courts-Martial (R.C.M.) 903(b)(2) sets forth the requirements for the election of enlisted members:

> A request for the membership of the court-martial to include enlisted persons shall be in writing and signed by the accused or shall be made orally on the record.

Thus, in plain language both the UCMJ and the R.C.M. require that

5

an accused personally elect to be tried by a panel including enlisted members, either orally on the trial record or in writing.

The parties agree that the record of trial does not contain an explicit oral or written election by Appellant to be tried by a panel of officer and enlisted members. The parties also agree that the failure to record Appellant's forum selection as prescribed constitutes error. We agree. However, the parties differ as to whether this error is jurisdictional or procedural in effect.

Appellant argues that because a failure to adhere to the forum selection requirements of Article 25(c)(1), amounts to jurisdictional error, his court-martial was without authority to hear his case and thus was a nullity. Consequently, Appellant argues, he is entitled to immediate relief. Alternatively, if this Court determines that the error was procedural in nature, Appellant argues his substantial rights were materially prejudiced because he was deprived of his statutory right to select a forum on the record. The Government responds that the omission was procedural in nature. Considered in context, the Government argues, the record reflects that Appellant elected to be tried by a panel with enlisted members. Thus, Appellant must demonstrate prejudice under Article 59(a), UCMJ, 10 U.S.C. §

859(a) (2000), to warrant relief, which he has not done, the Government asserts.

We review jurisdictional questions de novo. United States v. Melanson, 53 M.J. 1, 2 (C.A.A.F. 2000). Questions of jurisdiction are not subject to waiver. "[J]urisdiction over the person, as well as jurisdiction over the subject matter, may not be the subject of waiver." United States v. Garcia, 5 C.M.A. 88, 94, 17 C.M.R. 88, 94 (1954). A jurisdictional defect goes to the underlying authority of a court to hear a case. Thus, a jurisdictional error impacts the validity of the entire trial and mandates reversal. United States v. Perkinson, 16 M.J. 400, 402 (C.M.A. 1983). However, where an error is procedural rather than jurisdictional in nature we test for material prejudice to a substantial right to determine whether relief is warranted. Article 59(a), UCMJ; United States v. Morgan, 57 M.J. 119, 122 (C.A.A.F. 2002) (citing United States v. Mayfield, 45 M.J. 176, 178 (C.A.A.F. 1996)).

In United States v. Townes, 52 M.J. 275 (C.A.A.F. 2000), the Court determined that when the record indicates that an accused personally requested enlisted members, the failure to record the members selection as prescribed by Article 25 amounted to procedural error, subject to prejudice review. Id. at 277. Specifically, in Townes, we concluded that factors, such as the

accused having been advised of his forum rights on the record, the accused being present when his counsel noted his desire to be tried by officer and enlisted members, and the accused testifying before the empaneled members, gave rise to an inference that the accused was tried by a panel of his choosing. Id. The Court concluded that "'the record of trial as a whole makes clear that the selection was the accused's choice, and that the error . . . did not prejudice the substantial rights of the accused.'" Id. (quoting United States v. Turner, 47 M.J. 348, 350 (C.A.A.F. 1997)). The Court applied a similar analysis in Morgan, concluding that when "the record establishes that the selection of an enlisted forum was appellant's choice," the failure to obtain a written forum request on the record "was a procedural error, not a jurisdictional defect." 57 M.J. at 122. The Court also noted that while the record did not contain a personal or written statement of election, "[t]here were many opportunities to voice an objection to having enlisted members on the panel, and none was made." Id.

In Townes and Morgan we determined, based on the facts of those particular cases, that failure to comply with the provisions of Article 25(c) was nonjurisdictional, and we tested for prejudice under Article 59(a). However, our conclusions rested in part on a determination that there had been

8

"substantial compliance" with the requirements of Article 25(c). In Townes, for example, the appellant was present when his counsel selected the forum on his behalf.  52 M.J. at 277.  And, in Morgan, the record included a facsimile from trial defense counsel informing the military judge that "[t]he defense will request trial before a court-martial panel consisting of at least one-third enlisted members."  57 M.J. at 120.  A subsequent hearing pursuant to United States v. DuBay, 17 C.M.A. 147, 37 C.M.A. 411 (1967), also established that the facsimile reflected that the accused was advised and "chose to go with the enlisted panel."  Morgan at 121.

In this case, there is no argument that Appellant selected trial by one-third enlisted members on the record, either in writing or orally.  He did not.  Thus, this case goes beyond the facts in Townes or Morgan.  However, our analytic framework is the same.  We review the record for evidence as to whether the accused chose the forum by which he was tried.

The military judge advised Appellant, in the presence of his counsel, of his rights concerning forum election.  The record reflects a clear and thorough explanation.  Appellant responded on the record that he understood his election rights.  Appellant also indicated, through his counsel, that he wished to defer election until a later time, and asked the military judge to

9

permit him to do so.  The record does not indicate that a date
was set for doing so.  However, at a subsequent Article 39(a)
session the military judge stated:  "On Monday, I intend to
impanel -- I believe I was told -- an enlisted panel in this
case, and we're going to go forward with trial."  When the
military judge made this statement, both Appellant and his
counsel remained silent.  Defense counsel did not object.
Appellant's trial proceeded.  Appellant and his counsel
participated in the voir dire of members, including enlisted
members.  And, of course, Appellant and his counsel participated
in Appellant's contested court-martial with one-third enlisted
members empaneled.  Defense counsel did not seek to revisit the
deferred matter of forum selection.

In this case, the record reflects that Appellant chose trial
by members with one-third enlisted members.  The root of
Appellant's claim is in the failure of the military judge to
record that election as prescribed in Article 25.  Appellant does
not argue that he was not personally subject to UCMJ authority at
the time of his offense or at the time of trial.  He does not
challenge the authority of the convening authority to convene a
court-martial, or argue that his court-martial was improperly
convened.  He does not argue that he was not informed of his
right of forum selection, nor does he assert that he did not

exercise his right. His claim is simply that he did not do so on the record.

The right being addressed and protected in Article 25 is the right of an accused servicemember to select the forum by which he or she will be tried. The underlying right is one of forum selection, not the ministerial nature of its recording. Of course, there is no better way to protect the right of selection than through compliance with the specific and straightforward recording requirements of Article 25. Nonetheless, where the record reflects that the servicemember, in fact, elected the forum by which he was tried, the error in recording that selection is procedural and not jurisdictional. Thus, we will not order relief absent a showing of prejudice. Mayfield, 45 M.J. at 178.

Appellant's claim of prejudice is integral to his claim of error. His essential argument is the same. He asserts prejudice on the ground that he was not given the opportunity to personally elect his forum, and therefore choose among trial by military judge alone, a panel of officer members, and a panel composed of one-third enlisted members. For the reasons stated above, the record reflects otherwise. The military judge presented Appellant with his options. Appellant acknowledged his options and deferred election. The military judge subsequently stated on

11

the record that an election had been made for a panel including enlisted members, without comment or correction by counsel or Appellant. Appellant proceeded through voir dire and trial with a panel of one-third enlisted members, without objection. Indeed, Appellant did not raise the question of selection and prejudice either in his submissions under R.C.M. 1105 or before the court below. As a result, for the same reasons that we find the error in this case procedural and not jurisdictional, we conclude that he did not suffer material prejudice to a substantial right.

## DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.

United States v. Alexander, No. 04-0677/AR

EFFRON, Judge, with whom GIERKE, Chief Judge, joins (dissenting):

Under the Uniform Code of Military Justice (UCMJ), a member of the armed forces does not have the right to trial by jury, but instead is subject to trial by a court-martial panel. Article 25, UCMJ, 10 U.S.C. § 825 (2000). Congress has strictly regulated the composition of courts-martial. Although enlisted members have the opportunity to serve on courts-martial panels, the UCMJ expressly provides servicemembers with the right to be tried by a panel that does not include enlisted membership. Under Article 25(c)(1), a court-martial panel may include enlisted members "only if . . . the accused personally has requested orally on the record or in writing that enlisted members serve on it." The selection must be made "before the court is assembled for the trial." Id.

Where the record of trial is ambiguous as to whether a timely choice was made personally by the accused on the record, our Court has held that any error in the clarity of the request is not prejudicial when the record otherwise demonstrates "substantial compliance." United States v. Morgan, 57 M.J. 119, 122 (C.A.A.F. 2002). Morgan concluded that although the record of trial was ambiguous as to whether an accused had requested enlisted membership on the panel, a post-trial proceeding

"establishe[d] that the selection of an enlisted forum was appellant's choice."  Id.

In the present case, there has been no such proceeding. The record reflects that the military judge advised Appellant of his rights regarding the composition of the court-martial, the Appellant affirmed that he understood those rights, the military judge deferred the election at Appellant's request, and the military judge stated that he would set a date for the election in the future.  The record also reflects that the military judge indicated an intent to empanel a court-martial with enlisted membership, and that Appellant's court-martial included enlisted members on the panel.  The record does not indicate that the military judge set a date for the Appellant to make a forum selection, nor does the record contain such an election.  The record before us establishes, at most, acquiescence, not "an informed, personal choice of forum" under Morgan.  57 M.J. at 121.

In the context of the substantial compliance standard, Morgan demonstrates the critical role a post-trial proceeding under United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), plays in developing the facts necessary to determine whether the Appellant made an informed personal selection as to the composition of the panel.  Before replacing the substantial compliance standard with a mere acquiescence standard, we should

2

follow the procedure relied upon in Morgan to determine whether

the composition of the panel reflected Appellant's affirmative

choice, as mandated by Congress in Article 25(c)(1).  I

respectfully dissent.

United States v. Alexander, No. 04-0677/AR

GIERKE, Chief Judge (dissenting):

I join Judge Effron's dissent.  I write separately only to note that this case is distinguishable from Townes[1] and Morgan,[2] where I joined the majority.  In Townes, the trial defense counsel stated on the record, in front of the accused, that the defense requested enlisted membership.[3]  In Morgan, the detailed defense counsel submitted a written request for enlisted membership.[4]  Also in Morgan, the detailed defense counsel's testimony at a post-trial evidentiary hearing confirmed that the accused personally selected enlisted membership.[5]  In this case, there was not substantial compliance, but rather noncompliance with the requirements of Article 25(c)(1), Uniform Code of Military Justice.[6]  In the absence of an evidentiary hearing to determine whether Appellant, in fact, chose enlisted membership, this record reflects no more than Appellant's acquiescence to the panel composition.  I would remand this case for an evidentiary hearing, like that held in Morgan, to determine whether Appellant actually chose enlisted membership.  Excusing the total abrogation of the requirements of Article 25(c)(1) renders the congressionally prescribed procedure for selecting enlisted membership a mere dead letter.  I respectfully dissent.

---

[1] United States v. Townes, 52 M.J. 275 (C.A.A.F. 2000).
[2] United States v. Morgan, 57 M.J. 119 (C.A.A.F. 2002).
[3] 52 M.J. at 276.
[4] 57 M.J. at 120.
[5] Id. at 121.
[6] 10 U.S.C. § 825(c)(1).