EFFRON, Judge, with whom GIERKE, Chief Judge, joins
(dissenting):
Under the Uniform Code of Military Justice (UCMJ), a member of the armed forces does not have the right to trial by jury, but instead is subject to trial by a court-martial panel. Article 25, UCMJ, 10 U.S.C. § 825 (2000). Congress has strictly regulated the composition of courts-martial. Although enlisted members have the opportunity to serve on courts-martial panels, the UCMJ expressly provides servicemembers with the right to be tried by a panel that does not include enlisted membership. Under Article *271 25(c)(1), a court-martial panel may include enlisted members “only if ... the accused personally has requested orally on the record or in writing that enlisted members serve on it.” The selection must be made “before the court is assembled for the trial.” Id.
Where the record of trial is ambiguous as to whether a timely choice was made personally by the accused on the record, our Court has held that any error in the clarity of the request is not prejudicial when the record otherwise demonstrates “substantial compliance.” United States v. Morgan, 57 M.J. 119, 122 (C.A.A.F.2002). Morgan concluded that although the record of trial was ambiguous as to whether an accused had requested enlisted membership on the panel, a post-trial proceeding “established] that the selection of an enlisted forum was appellant’s choice.” Id.
In the present case, there has been no such proceeding. The record reflects that the military judge advised Appellant of his rights regarding the composition of the court-martial, the Appellant affirmed that he understood those rights, the military judge deferred the election at Appellant’s request, and the military judge stated that he would set a date for the election in the future. The record also reflects that the military judge indicated an intent to empanel a court-martial with enlisted membership, and that Appellant’s court-martial included enlisted members on the panel. The record does not indicate that the military judge set a date for the Appellant to make a forum selection, nor does the record contain such an election. The record before us establishes, at most, acquiescence, not “an informed, personal choice of forum” under Morgan. 57 M.J. at 121.
In the context of the substantial compliance standard, Morgan demonstrates the critical role a post-trial proceeding under United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), plays in developing the facts necessary to determine whether the Appellant made an informed personal selection as to the composition of the panel. Before replacing the substantial compliance standard with a mere acquiescence standard, we should follow the procedure relied upon in Morgan to determine whether the composition of the panel reflected Appellant’s affirmative choice, as mandated by Congress in Article 25(c)(1). I respectfully dissent.