GIERKE, Chief Judge
(dissenting):
I join Judge Effron’s dissent. I write separately only to note that this case is distinguishable from Townes[1] and Morgan,[2] where I joined the majority. In Townes, the trial defense counsel stated on the record, in front of the accused, that the defense requested enlisted membership.[3] In Morgan, the detailed defense counsel submitted a written request for enlisted membership.[4] Also in Morgan, the detailed defense counsel’s testimony at a post-trial evidentiary hearing confirmed that the accused personally selected enlisted membership.[5] In this case, there was not substantial compliance, but rather noncompliance with the requirements of Article 25(c)(1), Uniform Code of Military Justice.[6] In the absence of an evi-dentiary hearing to determine whether Appellant, in fact, chose enlisted membership, this record reflects no more than Appellant’s acquiescence to the panel composition. I would remand this case for an evidentiary hearing, like that held in Morgan, to determine whether Appellant actually chose enlisted membership. Excusing the total abrogation of the requirements of Article 25(e)(1) renders the eongressionally prescribed procedure for selecting enlisted membership a mere dead letter. I respectfully dissent.

. United. States v. Townes, 52 M.J. 275 (C.A.A.F.2000).

. United States v. Morgan, 57 M.J. 119 (C.A.A.F.2002).

. 52 M.J. at 276.

. 57 M.J. at 120.

. Id. at 121.

. 10 U.S.C. § 825(c)(1).