*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
MONAHAN, STEPHENS, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Christopher T. TESSIER**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 202000160**

Decided: 16 December 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Roger E. Mattioli

Sentence adjudged 24 April 2020 by a general court-martial convened at Marine Corps Base Camp Quantico, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 6 months, and a bad-conduct discharge.

For Appellant:
*Captain Daniel J. McCoy, JAGC, USNR*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Uniform Code of Military Justice arts. 59, 66, 10 U.S.C. §§ 859, 866.[1]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

_____

[1] We note that at arraignment, after having been fully informed of his forum rights by the military judge, Appellant requested to reserve forum selection. (R. at 6-8). At the next session of court the military judge did not elicit Appellant's election of forum selection before the entrance of pleas and the announcement of findings in accordance with Appellant's plea of guilty. However, in his plea agreement, Appellant affirmatively agreed to elect trial and sentencing by military judge alone and waived his right to a trial by members, including enlisted members. (App. Ex. III). Therefore, we find that the forum election requirements of R.C.M. 903(b) were satisfied in this case by the terms of the plea agreement, signed by Appellant. Moreover, following the announcement of findings the military judge did elicit from Appellant orally on the record that he elected sentencing by military judge alone. (R. at 42-43). Assuming, arguendo, that the military judged erred by not requiring Appellant to articulate his forum election orally on the record with regard to the findings phase of his court-martial, any such error was procedural and we discern that he did not suffer material prejudice to a substantial right. *See United States v. Alexander*, 61 M.J. 266, 270 (C.A.A.F. 2005).