*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, STEWART, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Ismael VALLE-ALCANTARA, Jr.**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202000048**

Decided: 29 April 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Jeffrey V. Munoz (arraignment)
Stephen F. Keane (motions, trial)

Sentence adjudged 9 January 2020 by a general court-martial convened at Marine Corps Air Ground Combat Center, Twentynine Palms, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 12 months, reduction to E-1, forfeiture of all pay and allowances, and a bad-conduct discharge.

For Appellant:
*Captain Kimberly D. Hinson, JAGC, USN*

For Appellee:
*Major Kerry E. Friedewald, USMC*
*Lieutenant Gregory A. Rustico, JAGC, USN*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of three specifications of assault consummated by a battery (including one upon a child under the age of 16) and one specification of being drunk and disorderly, in violation of Articles 128 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 928, 934. In his sole assignment of error [AOE], Appellant avers that the convening authority erred in taking no action on the sentence, as some action was required by the 2018 Amendments to the Manual for Courts-Martial.[1] We find error but no prejudice, and therefore affirm.

## I. BACKGROUND

On 11 May 2018, Corporal [Cpl] Tango[2] invited Appellant and others to a party at her apartment. During the party, Appellant became extremely intoxicated. At the party's conclusion, Appellant was left alone with Cpl Sierra, Lance Corporal [LCpl] Papa, and Cpl Sierra's infant son. Over several hours, Appellant sought to have sex with the two women, grabbing each in turn. At one point he removed Cpl Sierra's son from her arms, as the child was an obstacle to his efforts. Appellant then dropped his pants and underwear before passing out. Appellant, who claims to have no memory of these events, pleaded guilty to assault consummated by a battery against the two Marines and the child.

Post-trial, the convening authority denied Appellant's clemency request to waive automatic forfeitures, disapprove adjudged forfeitures, and suspend both the automatic and adjudged reduction in rank for a period of six months. The convening authority signed the Action seven weeks later, noting: "I take no action on the findings or sentence in this case."[3] The military judge signed

_____

[1] *2018 Amendments to the Manual for Courts-Martial, United States*, Exec. Order 13,825, 83 Fed. Reg. 9,889 (Mar. 8, 2018) [Exec. Order 13,825].

[2] All names in this opinion, other than those of Appellant, the judges, and counsel, are pseudonyms.

[3] Action of Dec. 30, 2019.

the Entry of Judgment the following month, noting the convening authority's denial of Appellant's clemency request and that the convening authority took no action on the findings or sentence.

Additional facts necessary to resolve the AOE are addressed below.

## II. DISCUSSION

The date of the offenses of which Appellant was convicted is 11 May 2018. Therefore, the version of Article 60 applicable to this case[4] requires that "[a]ction on the sentence of a court-martial shall be taken by the convening authority or by another person authorized to act under this section."[5] Despite this, the convening authority took "no action on the findings or sentence," as reflected on the Post-Trial Action form.

We review questions of jurisdiction de novo.[6] This Court is one of limited jurisdiction defined entirely by statute.[7] Prior to January 2019, our appellate jurisdiction was limited to review of courts-martial findings and sentences where the sentence approved by the convening authority included death, a punitive discharge, or confinement for one year or more.[8] Effective 1 January 2019, the Military Justice Act of 2016 [MJA 16] amended post-trial procedures for cases referred to court-martial after that date.[9] This Court's appellate jurisdiction is no longer dependent on the convening authority's action; rather, we have "jurisdiction over a court-martial in which *the judgment entered into the record* under [Article 60(c), UCMJ,] includes a sentence of death, [a punitive discharge], or confinement for 2 years or more."[10] Article 66(d)(1) provides that this Court "may act only with respect to the findings and sentence as entered into the record under [Article 60c, UCMJ]." And Article 60(a)(1) requires the military judge to include "any post-trial action by the [convening authority]" in the Statement of Trial Results.

---

[4] *See* Exec. Order 13,825, 83 Fed. Reg. at 9,890, sec. 6(b).

[5] UCMJ art. 60(c)(2)(A) (2012 & Supp. V 2018).

[6] *United States v. Ali*, 71 M.J. 256, 261 (C.A.A.F. 2012).

[7] *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015).

[8] UCMJ art. 66(b) (2012 & Supp. V 2018).

[9] National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, §§ 5321-38, 5542, 130 Stat. 2000, 2923-37, 2967-68 (2016); Exec. Order 13,825, 83 Fed. Reg. at 9,889, sec. 3(d).

[10] UCMJ art. 66(b)(3) (2018) (emphasis added).

The President has ordered that the version of Article 60 applicable to a court-martial is that which was in effect on the date of the earliest offense for which an accused was convicted, to the extent it: requires convening authority's action on the sentence; permits convening authority's action on the findings; authorizes the convening authority to modify the findings in certain respects; authorizes proceedings in revision; or authorizes the convening authority to approve, disapprove, commute, or suspend the sentence.[11] As the version of Article 60 in effect on the date of Appellant's offenses, 11 May 2018, requires the convening authority to take action on the sentence, the convening authority's failure to do so in this case is error.[12]

This error, however, does not deprive this Court of jurisdiction to review the case. The charges were referred after 1 January 2019, so MJA 16 post-trial procedures apply. And since the Entry of Judgment enters a sentence including a bad-conduct discharge, this Court has jurisdiction to review Appellant's case.[13]

As the error is not jurisdictional, we test the error for prejudice pursuant to Article 59(a).[14] Doing so, we find no material prejudice to Appellant's substantial rights. Although the Post-Trial Action form states that the convening authority took no action on the findings or sentence in this case, the form also makes clear in two places that the convening authority specifically considered and denied Appellant's request for clemency, which sought waiver of automatic forfeitures, disapproval of adjudged forfeitures, and suspension of automatic and adjudged reduction to pay grade E-1.

The sentence in this case included confinement for more than six months and a punitive discharge. Therefore, the version of Article 60(c)(4)(A) applicable here prohibited the convening authority from disapproving, commuting, or suspending any part of the confinement or the bad-conduct discharge.[15]

---

[11] *See* Exec. Order 13,825, 83 Fed. Reg. at 9,890, sec. 6(b).

[12] *United States v. Pearson*, __ M.J. __, No. 201900314, 2021 CCA LEXIS 130, at *17 (N-M. Ct. Crim. App. Mar. 29, 2021).

[13] *Id*. at *18.

[14] *Id*. (citing *United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005)).

[15] Neither of the two exceptions to this prohibition—at the recommendation of trial counsel based on substantial assistance to the Government or pursuant to the terms of a pretrial agreement—apply in the present case. UCMJ art. 60(c)(4)(B), (C) (2012 & Supp. V 2018). The pretrial agreement between Appellant and the convening authority had no effect on the sentence. App. Ex. XXI.

This means that every action the convening authority could have taken on Appellant's sentence was effectively addressed in his denial of Appellant's clemency request. Accordingly, we find the error harmless.

## III. CONCLUSION

After careful consideration of the record and briefs of the appellate counsel, we have determined that the findings and the sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. UCMJ arts 59, 66 (2012 & Supp. V 2018). Accordingly, the findings and sentence in the Entry of Judgment are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court