# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

### No. ACM 39949

————————————

### UNITED STATES
*Appellee*

v.

### Nicholas G. HOWELL
First Lieutenant (O-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 October 2021

————————————

*Military Judge:* Jason M. Kellhofer.

*Sentence:* Sentence adjudged on 11 May 2020 by GCM convened at Shaw Air Force Base, South Carolina. Sentence entered by military judge on 1 July 2020: Dismissal, confinement for 30 days, and total forfeitures.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee:* Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and CADOTTE, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

In accordance with Appellant's pleas and pursuant to an agreement between Appellant and the convening authority, a general court-martial composed of a military judge sitting alone found Appellant guilty of one specification of distribution of cocaine on divers occasions, and one specification of use of cocaine on divers occasions, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a, *Manual for Courts-Martial, United*

*States* (2016 *MCM*).[1] Appellant was also found guilty of fraternization that was charged as a violation of Article 134, UCMJ, 10 U.S.C. § 934, pursuant to the same agreement. Appellant pleaded not guilty to a charge with one specification of attempted distribution of cocaine in violation of Article 80, UCMJ, 10 U.S.C. § 880, which was withdrawn and dismissed with prejudice prior to adjournment.

As part of his agreement with the convening authority, Appellant waived his right to trial by members; waived the opportunity to obtain the personal appearance of witnesses for presentencing proceedings; waived all waivable motions; elected to be sentenced under the post-1 January 2019 rules;[2] and agreed to enter into a stipulation of fact with the trial counsel. The agreement required the military judge to enter concurrent segmented sentences. The agreement further required the adjudged confinement for each specification to be less than a maximum of 120 days if a dismissal was not adjudged and a maximum of 60 days if a dismissal was adjudged. The military judge sentenced Appellant to a dismissal, confinement for 30 days, and total forfeitures.

Appellant raises two assignments of error on appeal: (1) whether Appellant is entitled to appropriate relief due to the convening authority's failure to take action on the sentence; and (2) whether Appellant is entitled to sentence relief resulting from appellate delay.

We agree with Appellant with respect to his first assignment of error that the convening authority failed to take action on the sentence. *See United States v. Brubaker-Escobar*, __ M.J. __, No. 20-0345, 2021 CAAF LEXIS 818 (C.A.A.F. 7 Sep. 2021) (per curiam). As a result, we conclude that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Considering our resolution of Appellant's first assignment of error, we will defer addressing the second assignment of error until the record is returned to this court for completion of our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

## I. BACKGROUND

The offenses for which Appellant was convicted had a date range which started before 1 January 2019. The charges and specifications were referred to

[1] As charged, Appellant was convicted of conduct between on or about 1 April 2018 and on or about 13 March 2019. Accordingly, all references in this opinion to the punitive articles of the UCMJ are to the 2016 *MCM*. The charges and specifications were referred to trial after 1 January 2019. Accordingly, except where indicated, all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.). *See* Exec. Order 13,825, §§ 3, 5, 83 Fed. Reg. 9889, 9889–90 (8 Mar. 2018).

[2] This election was made prior to arraignment consistent with R.C.M. 902A(b).

a general court-martial on 8 January 2020. Appellant's court-martial concluded on 11 May 2020. On 18 May 2020, Appellant submitted a petition for clemency. Appellant specifically requested the convening authority "reduce, commute, or suspend the sentence of confinement and adjudged total forfeitures of pay and allowances." On 29 June 2020, the convening authority signed a Decision on Action memorandum. In the memorandum, the convening authority stated, "I take no action on the sentence in this case." The convening authority then specified, "Unless competent authority otherwise directs, upon completion of the sentence to confinement, [Appellant] will be required, under Article 76a, UCMJ, [10 U.S.C. § 876a,] to take leave pending completion of appellate review." The convening authority further explained: "Prior to coming to this decision, I consulted with my Staff Judge Advocate. Before taking action in this case, I considered matters timely submitted by [Appellant] under R.C.M. 1106."

After the conclusion of his court-martial, Appellant did not raise a motion under R.C.M. 1104(b)(2)(B) to challenge the form or legality of the convening authority's decision on action.

## II. DISCUSSION

During the pendency of this appeal, the United States Court of Appeals for the Armed Forces (CAAF) decided *Brubaker-Escobar*, holding:

> [I]n any court-martial where an accused is found guilty of at least one specification involving an offense that was committed before January 1, 2019, a convening authority errs if he fails to take one of the following post-trial actions: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part.

2021 CAAF LEXIS 818, at *1; *see also* Article 60, UCMJ, 10 U.S.C. § 860 (2016 *MCM*).

In *Brubaker-Escobar*, the CAAF found the convening authority's failure to explicitly take one of those actions was a "procedural error." *Id*. at *2, *7–8. The CAAF then noted: "procedural errors are 'test[ed] for material prejudice to a substantial right to determine whether relief is warranted.'" *Id*. at *8 (alteration in original) (quoting *United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005)). It held the convening authority's error in taking "no action" was harmless because the appellant did not request clemency and the convening authority could not have granted meaningful clemency regarding any portion of the adjudged sentence. *Id*. at *8.

In contrast, in this case Appellant requested clemency relief that the convening authority could meaningfully grant. The convening authority had the

power to disapprove, commute, or suspend the adjudged confinement and forfeitures. Rule for Courts-Martial 1107(d) (2016 *MCM*). The convening authority's failure to take action on the sentence was a procedural error and under the facts presented here, we cannot conclude the convening authority's error did not materially prejudice a substantial right of Appellant.

Accordingly, remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate to resolve the error before we complete our review. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3).

## III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the convening authority failed to take action on the sentence as required by Article 60, UCMJ, and *Brubaker-Escobar*.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority or his successor to take action on the sentence;

(2) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and/or

(3) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66(d), UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court