# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39963**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Sebastian A. SILVERS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 17 December 2021

————————————

*Military Judge:* Colin P. Eichenberger (arraignment); Jennifer E. Powell (trial); Andrew R. Norton (post-trial).

*Sentence:* Sentence adjudged on 24 July 2020 by GCM convened at Joint Base Lewis-McChord, Washington. Sentence entered by military judge on 15 September 2020: Dishonorable discharge, confinement for 36 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant:* Major Benjamin H. DeYoung, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and ANNEXSTAD, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

In accordance with his pleas and pursuant to a plea agreement, Appellant was convicted of one specification each of possessing child pornography, dis-

tributing child pornography, and communicating indecent language, all in violation of Article 134, UCMJ, 10 U.S.C. § 934.* A general court-martial composed of a military judge alone sentenced Appellant to a dishonorable discharge, confinement for 36 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. The maximum punishment based on the offenses included a dishonorable discharge and over 30 years' confinement. The plea agreement with Appellant required the military judge to adjudge no more than 36 months' confinement for each child pornography specification, and no more than 6 months' confinement for the indecent language specification, with periods of confinement running concurrently. The convening authority took no action on the sentence, denied Appellant's request for deferral of forfeitures and reduction in grade, and provided the language of the reprimand.

This case was submitted for our review on its merits. We address the effect of the convening authority taking "no action" on the sentence when Appellant was convicted of conduct that occurred before 1 January 2019, specifically indecent language communicated in 2018.

Appellant's sole post-trial request to the convening authority, dated 3 August 2020, was to defer reduction in grade and adjudged forfeitures until entry of judgment, then reduce, commute, or suspend them in whole or in part. In a staff judge advocate recommendation (SJAR), dated 5 August 2020, the staff judge advocate (SJA) accurately advised the convening authority of this request. The SJA informed the convening authority of the adjudged sentence, and reminded him of the terms of the plea agreement. Finally, the SJA provided the following advice and recommendation:

> 6. Pursuant to Articles 60, 60a and 60b, UCMJ[,] and RCM 1109 [(2016 *MCM*)], you have the authority to reduce, commute, or suspend, in whole or in part, that portion of the sentence that includes forfeitures, reduction in rank, and a reprimand. You do not have the authority to dismiss the finding of guilty or change the finding of guilt to that of a lesser-included offense.

> 7. The sentence adjudged is appropriate for the offenses for which the Accused was convicted. I recommend you take no further action on the findings or sentence in this case.

---

* The specifications cover the time period from 24 April 2018 to 3 October 2019; therefore, references to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*) and *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*). Unless otherwise noted, all other references to the UCMJ and Rules for Courts-Martial are to the 2019 *MCM*.

Appellant's counsel notified the SJA on 21 August 2020 that neither she nor Appellant would be submitting a response to the SJAR. On 31 August 2020, the acting SJA penned an addendum to the SJAR, stating the earlier recommendation did not change, and recommending the convening authority "take no further action on the findings or sentence in this case."

In his Decision on Action memorandum, the convening authority stated, "I take no action on the sentence in this case." He also stated, "I take no action on the requested deferment, reduction, commutation, or suspension of the reduction in grade. I take no action on the requested deferment of forfeitures." The convening authority asserted that he consulted with his SJA and considered the matters submitted by Appellant.

After the conclusion of his court-martial, Appellant did not raise a motion under Rule for Courts-Martial 1104(b)(2)(B) to challenge the form or legality of the convening authority's decision on action, nor has Appellant asserted on appeal that the convening authority erred in taking no action on Appellant's sentence.

At the time the convening authority signed the Decision on Action memorandum in this case, Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, Section 13D (18 Jan. 2019), advised Air Force convening authorities to grant relief as circumscribed by the applicable version of Article 60, UCMJ. For a case involving at least one convicted offense committed between 24 June 2014 and 31 December 2018, AFI 51-201 reminded convening authorities to "use the version of Article 60 in effect at that time (found in the 2016 *MCM*)." AFI 51-201, ¶ 13.16.2. The instruction also equated "taking action" with "[g]ranting post-sentencing relief," explaining: "A decision to take action is tantamount to granting relief, whereas a decision to take no action is tantamount to granting no relief." AFI 51-201, ¶ 13.17.1.

During the pendency of this appeal, the United States Court of Appeals for the Armed Forces (CAAF) decided *United States v. Brubaker-Escobar*, ___ M.J. ___, No. 20-0345, 2021 CAAF LEXIS 818 (C.A.A.F. 7 Sep. 2021) (per curiam), holding:

> [I]n any court-martial where an accused is found guilty of at least one specification involving an offense that was committed before January 1, 2019, a convening authority errs if he fails to take one of the following post-trial actions: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part.

*Id.* at *1.

In *Brubaker-Escobar*, the CAAF found the convening authority's failure to explicitly take one of those actions was a "procedural error." *Id.* at *2, 7–8. The

court then noted: "Pursuant to Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2018), procedural errors are 'test[ed] for material prejudice to a substantial right to determine whether relief is warranted.'" *Id.* at *8 (alteration in original) (quoting *United States v. Alexander,* 61 M.J. 266, 269 (C.A.A.F. 2005)).

On these facts, we find no material prejudice. The convening authority received accurate advice about his authority to act on Appellant's sentence, but inaccurate advice about how to articulate his decisions. The SJA and acting SJA both recommended he "take no *further* action" (emphasis added), apparently referencing the plea agreement which limited the maximum confinement to 36 months. It is apparent the convening authority intended to approve the sentence as adjudged.

The findings and the sentence entered are correct in law and fact, and no error prejudicial to the substantial rights of the Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court