# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

**No. ACM 39673 (rem)**

_____

**UNITED STATES**
*Appellee*

**v.**

**James M. AUMONT**[1]
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

On Remand from
The United States Court of Appeals for the Armed Forces

Decided 24 June 2022

_____

*Military Judge:* Wesley A. Braun; Andrew R. Norton (post-trial).

*Sentence:* Sentence adjudged 15 January 2019 by GCM convened at Hurlburt Field, Florida. Sentence entered by military judge on 25 February 2019, and reentered on 1 December 2020: Dishonorable discharge, confinement for 8 months, and reduction to E-1.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee:* Major John P. Patera, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before THE COURT EN BANC.

Judge ANNEXSTAD delivered the opinion of the court, in which Chief Judge JOHNSON, Senior Judge POSCH, Senior Judge KEY, Judge RAMÍREZ, Judge RICHARDSON, Judge MERRIAM, Judge CADOTTE, and Judge MEGINLEY joined. Judge RICHARDSON filed a concurring opinion in which Senior Judge POSCH and Judge MEGINLEY joined.

_____

---

[1] This court's previous opinion erroneously listed Appellant as James A. Aumont, it should have been James M. Aumont.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ANNEXSTAD, Judge:

Appellant's case is before us for a second time. A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of attempting to commit a lewd act on a person he believed to be a child under 16 years of age by intentionally exposing his genitalia on divers occasions, and one specification of attempting to commit a lewd act on a person he believed to be a child under 16 years of age by intentionally communicating indecent language on divers occasions, both in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880.[2] Appellant was sentenced to a dishonorable discharge, confinement for eight months, and reduction to the grade of E-1. The PTA had no effect on the adjudged sentence.

On appeal, Appellant initially raised one issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) whether Appellant is entitled to sentence relief because of impermissible conditions of post-trial confinement in violation of Articles 12 and 55, UCMJ, 10 U.S.C. §§ 812, 855, and the Eighth Amendment to the United States Constitution.[3] We also considered two additional issues, not raised by Appellant, that we identified during our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review: (2) whether the convening authority's decision memorandum contained error when the convening authority took "no action" on the sentence and Appellant was convicted of an offense committed prior to 1 January 2019; and (3) whether Appellant is entitled to relief for facially unreasonable appellate delay in accordance with *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). On 20 November 2020, we found Appellant's convictions legally and factually sufficient, that no error materially prejudicial to the substantial rights of Appellant occurred, and affirmed the findings and sentence. *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.).

On 4 March 2021, the Court of Appeals for the Armed Forces (CAAF) granted review. *United States v. Aumont*, 81 M.J. 158 (C.A.A.F. 2021). After

————————————

[2] Reference to the punitive article is to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise indicated, all other references to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] U.S. CONST. amend. VIII.

deciding *United States v. Brubaker-Escobar*, 81 M.J. 471 (C.A.A.F. 2021) (per curiam), the CAAF remanded this case to our court for a determination of whether the convening authority's procedural error "materially prejudiced a substantial right of Appellant." *United States v. Aumont*, 82 M.J. 37 (C.A.A.F. 2021).

Upon remand to this court, Appellant now asserts that he was materially prejudiced by the convening authority's procedural error in taking "no action" on his sentence. We find no material prejudice to Appellant's substantial rights, and affirm the findings and sentence.

## I. BACKGROUND

On 23 January 2019, Appellant's trial defense counsel submitted a petition for clemency to the convening authority requesting a "moderate amount of clemency." Specifically, Appellant requested the convening authority defer the mandatory forfeitures of pay for a period of 30 days.

On 8 February 2019, the convening authority signed a Decision on Action memorandum in Appellant's case. The convening authority's decision memorandum states the convening authority takes "no action in the case of *United States v.* [*Senior Airman*] *James M. Aumont.*" The memorandum also indicates that he consulted with his staff judge advocate and denied Appellant's request for a 30-day deferment of mandatory forfeitures under Rule for Courts-Martial (R.C.M.) 1103. The memorandum also directs that "upon completion of the sentence to confinement, AIRMAN BASIC JAMES M. AUMONT would be required, under Article 76a, UCMJ, [10 U.S.C. § 876a,] to take leave pending appellate review." On 14 February 2019, Appellant acknowledged receipt of the convening authority's decision and signed the receipt as Airman Basic James M. Aumont. Appellant did not file a motion under R.C.M. 1104(b)(2)(B)[4] to address any potential errors in the action of the convening authority.

On 1 December 2020, the military judge signed an entry of judgment (EoJ).[5] The EoJ lists the sentence as a dishonorable discharge, confinement for eight months, and reduction to the grade of E-1. It further states that on 8 February 2019, the convening authority "took no action in this case." Additionally, the

---

[4] In accordance with R.C.M. 1104(b)(2)(B), Appellant has five days after receipt of the convening authority's decision to assert whether post-trial action by the convening authority was incomplete, irregular, or contained error.

[5] While the court did not remand Appellant's case for the error in the judgment entered by the military judge on 25 February 2019, we directed a military judge correct the EoJ prior to completion of the final order. *See Aumont*, unpub. op. at *26 n.7. On 1 December 2020, a newly detailed military judge corrected the EoJ.

military judge noted in the EoJ that the findings and sentence reflect "all post-trial actions by the convening authority and all judicial post-trial rulings, orders or other determinations, [and] are hereby entered into the record and reflect the judgment of this court-martial." Appellant did not file a motion under R.C.M. 1104(b)(2)(C) to address any potential errors in the EoJ.

## II. DISCUSSION

### A. Law

> [I]n any court-martial where an accused is found guilty of at least one specification involving an offense that was committed before January 1, 2019, a convening authority errs if he fails to take one of the following post-trial actions: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part.

*Brubaker-Escobar*, 81 M.J. at 472; *see also* Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)). The convening authority's failure to explicitly take one of those actions is a "procedural" error. *Brubaker-Escobar,* 81 M.J. at 475. "Pursuant to Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2018), procedural errors are 'test[ed] for material prejudice to a substantial right to determine whether relief is warranted.'" *Id.* (alteration in original) (quoting *United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005)).

### B. Analysis

Appellant specifically argues that the convening authority's error in not taking action on his sentence materially prejudiced his substantial rights by preventing this court from "truly knowing" if the convening authority "considered and disregarded the disapproval of [the] reduction in grade, or, alternatively, whether he never contemplated it." Based on this uncertainty, Appellant requests that we remand the record in order for the convening authority to take action on the sentence as Article 60, UCMJ (2016 *MCM*), required him to do. We disagree with Appellant's argument and find remand unnecessary.

In light of our superior court's decision in *Brubaker-Escobar*, we find that the convening authority's failure to take action on Appellant's sentence was a non-jurisdictional procedural error to be tested for material prejudice. We find no such prejudice to Appellant's substantial rights. In this case, the convening authority was not authorized to disapprove, commute, or suspend Appellant's adjudged dishonorable discharge or term of confinement. *See* Article 60(c)(4), UCMJ, 10 U.S.C. § 860(c)(4) (2016 *MCM*). While the convening authority did

have power to disapprove, commute, or suspend Appellant's adjudged reduction in grade, Appellant requested no such relief. In fact, the only relief requested by Appellant concerned his request to defer the mandatory forfeitures for 30 days. There is no question that the convening authority denied this request explicitly in his decision memorandum. Additionally, we find that the convening authority's decision memorandum also directed "AIRMAN BASIC JAMES M. AUMONT" to take appellate leave following his confinement term. By referring to Appellant at his reduced grade of E-1, the convening authority made clear his intention to approve the sentence as adjudged, including Appellant's reduction in grade.

Considering the totality of the circumstances, including Appellant's failure to identify specific prejudice, the sentence imposed, the absence of any request to reduce the sentence (as opposed to deferment or waiver), the convening authority's limited ability to modify the sentence, the convening authority's demonstrated intent to approve each portion of the court-martial's sentence for which he could have granted meaningful relief, and the nature and seriousness of the offenses of which Appellant was convicted, we find no material prejudice to Appellant's substantial rights by the convening authority's failure to take action on the sentence.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of the Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

RICHARDSON, Judge (concurring), joined by Senior Judge POSCH and Judge MEGINLEY:

In addition to the reasons relied on by the majority, I find the convening authority's intent can be gleaned from the words in the Decision on Action memorandum and Air Force guidance in effect when the convening authority made his decision not to disturb the sentence. "[A] decision to take no action is tantamount to granting no relief." Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 13.17.1. (18 Jan. 2019).

To be sure, the convening authority followed that instruction to his detriment by failing to take action on each component of the sentence. Despite the

procedural error, the memorandum he did sign unmistakably conveys an intention to grant no sentencing relief to Appellant.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court