# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––––

**No. ACM 39927**

––––––––––––––––

**UNITED STATES**
*Appellee*

**v.**

**Aiden B. KING**
Airman First Class (E-3), U.S. Air Force, *Appellant*

––––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 8 November 2021

––––––––––––––––

*Military Judge:* Bryon T. Gleisner.

*Sentence:* Sentence adjudged on 7 May 2020 by GCM convened at Kees-ler Air Force Base, Mississippi. Sentence entered by military judge on 29 May 2020: Bad-conduct discharge, confinement for 12 months, and reduction to E-1.

*For Appellant:* Major Matthew L. Blyth, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Lieutenant Colonel Dayle P. Percle, USAF; Major Alex B. Coberly, USAF; Mary El-len Payne, Esquire.

Before POSCH, RICHARDSON, and CADOTTE, *Appellate Military Judges.*

––––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

––––––––––––––––

PER CURIAM:

In accordance with Appellant's pleas and pursuant to a pretrial agreement (PTA), a general court-martial composed of a military judge sitting alone found Appellant guilty of one charge with one specification of attempted sexual abuse

of a child in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880; *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*). The conduct for which Appellant was convicted spanned from on or about 25 September 2018 through on or about 1 October 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 13 months, and reduction to the grade of E-1. The convening authority reduced the adjudged confinement to 12 months pursuant to the PTA.[1]

Appellant raises five issues on appeal: (1) whether the military judge erred in admitting a court exhibit from a nonvictim who did not request to be heard; (2) whether Appellant is entitled to sentencing relief because the Air Force acted with deliberate indifference in denying Appellant an opportunity to submit a parole request, or alternatively because post-trial confinement conditions rendered Appellant's sentence inappropriately severe; (3) whether Appellant's sentence was inappropriately severe; (4) whether Appellant's registration as a sex offender represents cruel and unusual punishment, or otherwise warrants sentence appropriateness relief;[2] and (5) whether the convening authority "erred by failing to approve[3] the sentence."

We agree with Appellant with respect to his fifth assignment of error that the convening authority failed to approve the sentence as required. *See United States v. Brubaker-Escobar*, __ M.J. __, No. 20-0345, 2021 CAAF LEXIS 818 (C.A.A.F. 7 Sep. 2021) (per curiam). As a result, we conclude that remand to the Chief Trial Judge, Air Force Trial Judiciary, is warranted. Considering our resolution of Appellant's fifth assignment of error, we will defer addressing the other assignments of error until the record is returned to this court for completion of our review under Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

## I. BACKGROUND

The charges and specifications were referred to a general court-martial on 20 December 2019. Appellant's court-martial concluded on 7 May 2020. The offense for which Appellant was convicted occurred before 1 January 2019. On 17 May 2020, Appellant submitted a petition for clemency asking the convening authority to both "commute" and "disapprove" his reduction in grade, citing

---

[1] The convening authority agreed within the PTA to not approve confinement in excess of 12 months, to not approve a punitive discharge more severe than a bad-conduct discharge, and to "not pursue any additional charges related to [the] investigation."

[2] Appellant personally raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] Appellant claims that even while reducing Appellant's sentence to confinement, the convening authority did not specifically "approve" any part of the sentence.

Rule for Courts-Martial (R.C.M.) 1109(c)(5)(E) (2019 *MCM*), in addition to ac-tions required for the Government to comply with the PTA.

On 26 May 2020, the convening authority signed a Decision on Action mem-orandum. In the memorandum, the convening authority stated, "I take the fol-lowing action on the sentence in this case: The period of confinement is reduced from 13 to 12 months." The convening authority stated, "Relief was granted in accordance with the [PTA]." The action specified, "Unless competent authority otherwise directs, upon completion of the sentence to confinement, [Appellant] will be required, under Article 76a, UCMJ, [10 U.S.C. § 876a,] to take leave pending completion of appellate review." The convening authority further ex-plained: "Prior to coming to this decision, I consulted with my Staff Judge Ad-vocate. Before taking action in this case, I considered matters timely submitted by [Appellant] under R.C.M. 1106." In her memorandum, the convening au-thority does not use the word "approve."

After the conclusion of his court-martial, Appellant did not raise a motion under R.C.M. 1104(b)(2)(B) (2019 *MCM*) to challenge the form or legality of the convening authority's decision on action.

## II. DISCUSSION

Appellant claims that even while reducing Appellant's sentence to confine-ment, the convening authority did not specifically "approve" any part of the sentence. He cites Article 60, UCMJ, 10 U.S.C. § 860 (2016 *MCM*), which au-thorized a convening authority to "approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." Appellant urges this court to forego a prejudice analysis before remanding the case for resolution of this error. We are persuaded.

During the pendency of this appeal, the United States Court of Appeals for the Armed Forces (CAAF) decided *Brubaker-Escobar*, holding:

> [I]n any court-martial where an accused is found guilty of at least one specification involving an offense that was committed before January 1, 2019, a convening authority errs if he fails to take one of the following post-trial actions: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part.

2021 CAAF LEXIS 818, at \*1; *see also* Article 60, UCMJ (2016 *MCM*).

In *Brubaker-Escobar*, the CAAF found the convening authority's failure to explicitly take one of those actions was a "procedural error." *Id*. at \*2, 7–8. The CAAF then noted: "Pursuant to Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2018), procedural errors are 'test[ed] for material prejudice to a substantial right to determine whether relief is warranted.'" *Id*. at \*8 (alternation in original)

(quoting *United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005)). It held the convening authority's error in taking "no action" was harmless because the appellant did not request clemency and the convening authority could not have granted meaningful clemency regarding any portion of the adjudged sentence. *Id.*

In contrast, in this case Appellant requested clemency relief that the convening authority could meaningfully grant. The convening authority had the power to disapprove, commute, or suspend the adjudged reduction in grade. R.C.M. 1107(d) (2016 *MCM*); s*ee also* Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 8.27.3 (8 Dec. 2017) ("The provisions of Article 58a[, UCMJ (2016 *MCM*),] do not apply to the Air Force. All reductions in grade are based upon adjudged and approved sentences."). The convening authority's failure to take action on the sentence was a procedural error and under the facts presented here, we cannot conclude the convening authority's error did not materially prejudice a substantial right of Appellant.

Accordingly, remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate to resolve the error before we complete our review. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (2019 *MCM*).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the convening authority did not take action on the sentence as required by Article 60, UCMJ (2016 *MCM*), and *Brubaker-Escobar*.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Return the record of trial to the convening authority or his successor to take action on the sentence;

(2) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and/or

(3) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66(d), UCMJ (2019 *MCM*).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court