# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――――

### No. ACM 40276

―――――――――――――

### UNITED STATES
*Appellee*

v.

### Tyson A.Z. ODAGIRI
Senior Airman (E-4), U.S. Air Force, *Appellant*

―――――――――――――

Appeal from the United States Air Force Trial Judiciary

Decided 27 April 2023

―――――――――――――

*Military Judge:* Matthew D. Talcott (Pretrial); Dayle P. Percle.

*Sentence:* Sentence adjudged on 5 January 2022 by GCM convened at Fort George G. Meade, Maryland. Sentence entered by military judge on 3 February 2022: Dishonorable discharge, confinement for 54 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant:* Major Spencer R. Nelson, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major John P. Patera, USAF; Major Brittany M. Speirs, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, CADOTTE, and GOODWIN, *Appellate Military Judges*.

Judge GOODWIN delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge CADOTTE joined.

―――――――――――――

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

―――――――――――――

GOODWIN, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of two specifications of possessing or viewing child pornography (Specifications 1 and 2) and four specifications of possessing or distributing obscene visual depictions of minors or images of minors engaged in sexually explicit conduct (Specifications 4 through 7), all on divers occasions and all in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1,2] The military judge sentenced Appellant to a dishonorable discharge, confinement for 54 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand.

The convening authority took no action on the findings or sentence. The military judge signed an entry of judgment reflecting the findings and sentence. Appellant raises four issues before this court pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) whether the convening authority erred by not taking action on his sentence; (2) whether the Government and Appellant could stipulate to victim impact statements as matters in aggravation; (3) whether trial counsel engaged in inappropriate argument; and (4) whether Appellant's sentence is inappropriately severe.

We have carefully considered issue (2) and find it does not require discussion or warrant relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987). Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

Appellant was stationed at Fort George G. Meade, Maryland (Fort Meade) at the time of the offenses for which he was convicted. On 11 July 2019, the National Center for Missing and Exploited Children received a CyberTipline Report stating suspected child pornography was uploaded to Appellant's

---

[1] Specifications 4 through 7 alleging wrongful possession or distribution of obscene visual depictions of minors or images of minors relate to misconduct occurring both before and after 1 January 2019. The version of Article 134, UCMJ, in effect during all instances of misconduct is substantially identical to the version in effect at the time of Appellant's court-martial. Thus, unless otherwise stated, all references in this opinion to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The convening authority agreed to dismiss with prejudice one specification of distribution of child pornography and "not refer the specification anew unless [Appellant] breaks the terms of [the] agreement."

Dropbox account.[3] After a local detective received the CyberTipline Report and discovered Appellant was an Airman, he forwarded the CyberTipline report to the Air Force Office of Special Investigations (AFOSI) at Fort Meade.

During his interview with AFOSI agents, Appellant admitted to viewing child pornography for roughly three years, including approximately ten times during 2019. Appellant used his mobile phones and Dropbox account to save photos and videos of child pornography, obscene cartoon and computer-generated images of minors, and videos depicting minors engaging in graphic bestiality. Appellant used an Internet browser which enabled him to hide his Internet protocol address and view websites containing child pornography anonymously. Appellant told the agents he found it difficult to locate child pornography and "good" bestiality sites. Consequently, when he located an image or video he liked, Appellant saved it. Appellant also admitted sending to others child pornography and cartoons depicting child bestiality—approximately 15 images and three videos during 2019. Appellant also joined groups through an instant messaging application to share child pornography photographs with other users.

As part of his plea agreement, Appellant entered into a stipulation of fact which was admitted as Prosecution Exhibit 1 at his court-martial. In this stipulation, Appellant explained he no longer found adult pornography sexually exciting and had a "morbid curiosity and desire to view child pornography and [child] bestiality." Appellant admitted to viewing both pubescent and pre-pubescent child pornography on multiple occasions. Appellant admitted he received sexual gratification while viewing and masturbating to child pornography and cartoons of child bestiality.

Attachments 2 through 4 to the stipulation of fact contain the pornographic images and videos located on Appellant's electronic devices for which he stands convicted. These images and videos show actual children ranging from infancy through pubescent teens engaged in conduct including lascivious exhibition of the genitals, oral to genital intercourse, anal to genital intercourse, and genital to genital intercourse. These images and videos also show cartoons and computer-generated images and videos depicting children engaged in sexually explicit conduct with other children and with animals.

---

[3] Dropbox is a file hosting service offering cloud storage, file synchronization, personal cloud and client software. Users frequently use Dropbox for file sharing and collaboration and can access it from a personal computer or mobile device. During the charged timeframe, Appellant maintained a Dropbox account which was linked to his email address.

## II. DISCUSSION

### A. Convening Authority's Decision on Action

The convening authority took no action on the findings and sentence. However, the timeframe charged in Specifications 4 through 7—the "visual representation" offenses—began on 1 November 2018, prior to the implementation of the post-1 January 2019 version of Article 60, UCMJ, 10 U.S.C. § 860. *See* Exec. Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9889–90 (8 Mar. 2018). On appeal, Appellant asserts the convening authority erred by failing to take action on the sentence, asserts no specific prejudice, and requests remand to the convening authority for proper action.

In cases involving a conviction for an offense committed before 1 January 2019, "a convening authority errs if he fails to take one of the following post-trial actions: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." *United States v. Brubaker-Escobar*, 81 M.J. 471, 472 (C.A.A.F. 2021) (per curiam); *see also* Article 60, UCMJ, *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*).

The convening authority's failure to explicitly take one of those actions is a "procedural" error. *Brubaker-Escobar*, 81 M.J. at 475. "Pursuant to Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2018), procedural errors are 'test[ed] for material prejudice to a substantial right to determine whether relief is warranted.'" *Id.* (alteration in original) (quoting *United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005)).

We have tested for material prejudice to Appellant's substantial rights and find none. Pursuant to Article 60, UCMJ (2016 *MCM*), the convening authority was authorized to grant relief on Appellant's sentence with regard to the forfeitures and reduction in grade. However, Appellant did not request the convening authority grant relief on either of these components of his sentence during the post-trial processing of his case. Trial defense counsel made only one specific clemency request on Appellant's behalf: "speedy post-trial processing of [Appellant's] case." The request also stated, "Pursuant to R.C.M. 1109(c)(3) . . . [the convening authority] may 'reduce, commute, or suspend in whole or in part . . . the confinement portion of a sentence."[4] Appellant did not, however, request any relief from his sentence to confinement. Even if Appellant had, the convening authority did not have the authority to grant such relief. *See* Article 60(c)(4)(A), 10 U.S.C. § 860(c)(4)(A), (2016 *MCM*) ("[T]he convening authority . . . may not disapprove, commute, or suspend in whole or in part an adjudged

---

[4] The language trial defense counsel quoted does not appear in either the 2016 or 2019 versions of R.C.M. 1109(c)(3) in the *Manual for Courts-Martial*.

sentence of confinement for more than six months."). Consequently, we deny relief.

## B. Trial Counsel's Sentencing Argument

During sentencing argument, trial counsel stated, "The accused is not going to be able to stop this behavior no matter how hard he tries, and the only way to guarantee that he doesn't reoffend or act on his sexual desires is to adjudge the max[imum] confinement authorized." Appellant contends this statement constituted improper argument because it referred to facts not in evidence and overstepped the "bounds of that propriety and fairness which should characterize the conduct of . . . an officer in the prosecution of a criminal offense." *United States v. Voorhees*, 79 M.J. 5, 10 (C.A.A.F. 2019). While we agree trial counsel's argument on this point was error, we find no prejudice, and deny relief.

We review claims of prosecutorial misconduct and improper argument de novo; when no objection is made at trial, the error is forfeited, and we review for plain error. *Id.* at 9 (citation omitted). Under the plain error standard, such error occurs "when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice to a substantial right of the accused." *United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005) (citation omitted).

Prosecutorial misconduct is an action or inaction taken by a trial counsel in violation of a legal norm or standard. *United States v. Meek*, 44 M.J. 1, 5 (C.A.A.F. 1996) (citation omitted). However, trial counsel may argue not only the evidence within the record, but also "all reasonable inferences fairly derived from such evidence." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000). We do not review statements made during an argument in isolation, but rather the entire argument "viewed in context." *United States v. Young*, 470 U.S. 1, 16 (1985).

With respect to sentencing arguments, we must be confident an appellant "was sentenced on the basis of the evidence alone." *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014) (quoting *United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013)). In assessing the impact of improper sentencing argument on an appellant's substantial rights in the absence of an objection, we ask whether the outcome would have been different without the error. *United States v. Norwood*, 81 M.J. 12, 19–20 (C.A.A.F. 2021), *cert. denied*, 141 S. Ct. 2864 (2021).

Here, unlike in *Frey*, there existed before the military judge indications arguably showing Appellant may have difficulty avoiding viewing, possessing, and distributing child pornography in the future. First, Appellant admitted adult pornography no longer stimulated him, which is why he turned to child pornography. Second, in his unsworn statement, Appellant said he was

"thankful [to] the Air Force for forcing [him] to confront" his attraction to child pornography because he "was not strong enough to be able to do it on [his] own." Finally, review of the images and videos at issue in this case reveals a dramatic level of obscenity, far outside societal norms. However, our superior court requires "recidivism" be supported by expert testimony. *Frey,* 73 M.J. at 250. While there may have been indications that Appellant will have difficulty avoiding similar offenses in the future, the Government did not introduce expert testimony regarding Appellant's likelihood of recidivism. Consequently, trial counsel's argument on this point was error. However, having reviewed the record and trial counsel's entire argument, we conclude Appellant was not prejudiced. We presume the military judge knows and follows the law "absent clear evidence to the contrary," and we "presume that the military judge is able to distinguish between proper and improper sentencing arguments." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citation omitted).

**C. Sentence Appropriateness**

Finally, Appellant argues his sentence was unduly severe. Specifically, he asserts the military judge failed to adequately mitigate his sentence because of his negative experience with the Air Force's mental health program and his "alienating and isolating experience" as a result of the slow pace of his security clearance approval. Appellant presents only speculation that the military judge failed to properly consider these portions of his unsworn statement. Without specifying which portions of his sentence are unduly severe, Appellant requests we reassess his sentence. We are not persuaded and accordingly deny relief.

**1. Law**

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citation omitted). We "may affirm only . . . the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). Although we have broad discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

**2. Analysis**

During sentencing, Appellant introduced only an oral unsworn statement. Appellant's adjudged confinement was 54 months, whereas his plea agreement

allowed for up to five years, or 60 months of confinement. The maximum term of confinement for the offenses of which Appellant was convicted was 80 years. We note trial defense counsel conceded during sentencing argument the appropriateness of a dishonorable discharge. After trial defense counsel's sentencing argument, the military judge thoroughly questioned Appellant and established that Appellant understood the ramifications of the two potential punitive discharges, consented to trial defense counsel's argument for a dishonorable discharge, and expressly desired to be discharged from the service with a dishonorable discharge. We further note that while Appellant submitted a clemency request, he requested no specific relief regarding his sentence and provided no justification for relief.[5]

Appellant provided no support for his assertion that the military judge failed to consider matters Appellant offered in mitigation. We have given individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. The images and videos Appellant possessed, viewed, and distributed are highly aggravating factors. We conclude the sentence is not inappropriately severe.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Ar-

---

[5] Although not raised as an error on appeal, we note Appellant's clemency request was addressed to the special court-martial convening authority, not the general court-martial convening authority (GCMCA). In his decision on action, the GCMCA stated that he considered all timely matters submitted by Appellant, which we presume included Appellant's clemency request.

ticles 59 and 66(d), UCMJ, 10 U.S.C. §§ 859, 866(d). Accordingly, the findings and sentence are **AFFIRMED**.[6]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[6] Although we do not find this issue constitutes error materially affecting Appellant's substantial rights, during our review we discovered the record of trial includes two search warrants that state, "Filed under Seal." These are not actually sealed in the record, and we see no order sealing or unsealing them. No party has requested we take corrective action, and we decline to do so *sua sponte*.